**RECEIVED IN THE PRO SE OFFICE**
**MARCH 06, 2025**
**VIA PRO SE OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————————————x

**CORRINE LYNCH,**
                    Plaintiff            DOCKET NO. 24-cv-7795-DG-JAM


  -against-



**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,**
**DAVID BANKS, Chancellor and KATHERINE RODI, Director of Employee**
**Relations,**

                    Defendants

————————————————————————x



### PLAINTIFF'S NOTICE OF MOTION
### FOR RECUSAL OR DISQUALIFICATION OF
### MAGISTRATE JUDGE JOSEPH A. MARUTOLLO

Corrine Lynch
*Plaintiff pro se*
34 Cheslan Ct.
Oceanside, N.Y. 11572
516-316-0451
rins083082@aol.com

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff proceeding pro se, will move this Court pursuant to 28

U.S.C. § 455 and before the Honorable Joseph A. Marutollo, Magistrate Judge of the United

States District Court for the Eastern District of New York, and Judge at 225 Cadman Plaza East,

Brooklyn, N.Y. 11201 on _____, 2025 at _____A.M./P.M or as soon thereafter as

the matter may be heard, for an Order granting Plaintiff's Motion to Recuse or Disqualify the

Honorable Joseph A. Marutollo from any and all part of this matter Lynch. V The Department of

Education et al., 24-cv-7795-DG-JAM and for other and further relief as the Court deems just

and proper, including entertaining expedited review of this motion in furtherance of justice and

considering the imminent relief needed in other pending motions before this Court. In support of

this motion, Plaintiff submits a Motion To Recuse or Disqualify Judge Marutollo dated March 3,

2025 along with the Declaration of Corrine Lynch, dated March   2025, which are each being

filed contemporaneously with this notice of motion.


Dated:   March 3, 2025
         Oceanside, N.Y. 11572

                                            Corrine Lynch
                                            34 Cheslan Ct.
                                            Oceanside, N.Y. 11572
                                            516-316-0451
                                            Rins083082@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————x

CORRINE LYNCH,

               Plaintiff          **DOCKET NO: 24-cv-07795 (DG)(JAM)**

    -against-

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,
DAVID BANKS, Chancellor and KATHERINE RODI, Director of Employee
Relations,**

               Defendants

—————————————————————————X

# PLAINTIFF'S MOTION
## FOR RECUSAL OR DISQUALIFICATION OF
## MAGISTRATE JUDGE JOSEPH A. MARUTOLLO

Corrine Lynch
*Plaintiff pro se*
34 Cheslan Ct.
Oceanside, N.Y. 11572
516-316-0451
rins083082@aol.com

1

## TABLE OF CONTENTS

ISSUE SUMMARY...............................................................3

STATEMENT OF FACTS IN SUPPORT OF JUDGE MARUTOLLO'S
DISQUALIFICATION FROM THIS CASE..................................5

ARGUMENT.....................................................................8

CONCLUSION..................................................................14

## ISSUE SUMMARY

Plaintiff has been punished by her own City government for daring to request an accommodation for her sincere religious beliefs which prohibited her vaccination by the Emergency Use experimental vaccine against COVID. Her employer, the Department of Education of the City of New York is under Mayoral control and is a suable entity. Brainbuilders LLC v. EmblemHealth, Inc., No. 21-CV-4627, 2022 WL 3156179, at *13 (S.D.N.Y. Aug. 8, 2022); Sara Coombs-Moreno, et al., v City of New York, et al., 22-CV-02234 (EK)(LB), Judge Komitee Memorandum and Order, footnote 3, p. 2.

The COVID vaccine Mandate (CVM) put into place by Mayor De Blasio and then by Mayor Eric Adams and their partners at the Department of Health was never generally applicable, and never changed the terms and conditions of Plaintiff's employment. Her Union never agreed to change the Collective Bargaining Agreement (CBA) and the New York State legislature never voted on changing the State or City Constitution. Yet, sadly, her employer, the Department of Education of the City of New York, tried hard to make Plaintiff believe that the CVM was generally applicable and had changed Plaintiff's terms of her employment, so that her not getting vaccinated "allowed" her, under color of law, to be fired. EXHIBITS A, C in the Complaint.

Plaintiff could not and did not waive her religious beliefs to satisfy the lawless coercion of her employer. She was forced into sham appeals which were always set up to fail.

Indeed, the Appeals Panel run by the Scheinman Arbitration and Mediation Services Inc. and their lawless, unconstitutional leave without pay "LWOP" were thrown out by the Court of Appeals in November 2021. See Kane-Keil cases, Court of Appeals, 21-CV-2678 and 21-CV-2711, November 28, 2021. EXHIBIT E, Complaint.

Next came the Reasonable Appeals Panel known as the "Citywide Panel" which was no better. This second Panel was given the directive to honor TITLE VII and Human Rights Law, but Plaintiff and everyone else who applied were never heard, never able to face their accusers, and Plaintiff was denied an accommodation and fired. Hundreds of others similarly situated were allowed to continue working without getting vaccinated, according to deposition testimony given by the man who created the Citywide Panel. See:

**The Citywide Panel and the Final Judgment in Kane-Keil-New Yorkers For Religious Liberty** https://advocatz.com/2025/01/25/new-york-state-court-of-appeals-issues-an-amended-judgment-in-new-yorkers-for-religious-liberty-et-al-v/

At no time did her employer or the City of New York give her a chance to be heard on the matter of her sincere religious beliefs which prohibited her from obtaining an accommodation to continue working in a job she loved. Her employer never offered any accommodation such as testing weekly or wearing a mask, both of which are the accommodations offered in every other school district in New York State

Therefore, the Department of Education never gave Plaintiff a chance to face her accusers, testify, or give support for her religious beliefs, and she was denied any accommodation, deprived of her due process right to a 3020-a arbitration hearing, and terminated without any just cause and without due process.

That was not all the punishment Plaintiff had to endure. The Department secretly flagged her personnel file and fingerprints with a "Problem Code" when she did not submit a vaccination card on October 4, 2021. She knew nothing about this until much later, and even up to today has been given no information on how this code works, or how she can get off of it. Katherine Rodi,

4

as Director of Employee Relations at the Department, is in charge of the Problem Code process. Rodi has never publicly stated the procedure she uses to put this Problem Code on anyone's file.

Plaintiff read up on due process claims in Federal Court, and saw no way to get the backpay and her job back other than filing a Section 1983 and a claim to due process under the 14th Amendment. She filed pro se on November 8, 2024, in good faith that the Eastern District would recognize her non-attorney status and be fair to her as she tried to fight for the rights she has been denied. Plaintiff asks that all of her papers and Exhibits filed on November 8, 2024 be considered by reference herein.

### STATEMENT OF FACTS IN SUPPORT OF JUDGE MARUTOLLO'S DISQUALIFICATION FROM THIS CASE

On 11/08/2024 Plaintiff appeared at the EDNY pro se desk and paid the $405 filing fee. The EDNY pro se administrator told Plaintiff that as she had no Right to Sue letter from the EEOC, he would not accept her Complaint for filing.

Plaintiff tried to explain that she was filing a Section 1983 case, but the Court's pro se desk said no to the filing. She left the Court and outside, asked a friend who is a paralegal to speak with the Administrator about her Complaint, and how no Title VII cause of Action was mentioned, and that the case had a Section 1983 and 14th Amendment due process claim.

Plaintiff returned to the Court and the administrator took the Complaint, admitting to his error in telling her that she could not file. The fee was paid in full. See Docket #2.

On or about November 18 2024 Plaintiff received a mailing from this Court which said:

On 11/15/24 Docket #5 is **"Clerk's Notice Re: Consent**:

"A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. The form may also be accessed at the following link: https://img.nyed.uscourts.gov/files/forms/MJConsentForm.pdf "(SDM) (Entered: 11/15/2024)

See EXHIBIT 1 attached

On 11/22/24 an Order by Magistrate Marutollo was docketed (#7), and advised Plaintiff that she had until February 6, 2025 to serve her papers on the Defendants or Judge Maturollo would ask Judge Gujarati to dismiss the case without prejudice. Plaintiff received this Order via USPS mail on11/25/2024.

On December 17, 2024 a Scheduling Order was placed on the Court's docket (#8) wherein Magistrate Judge Marutollo scheduled an in-person initial conference for February 18, 2025 at 4:00pm. Plaintiff was also ordered to file the Discovery Plan and scheduling Order no later than February 13, 2025, and to make sure that she informed all Defendants of this conference. She was also directed to review Judge Maturollo's Individual Practices and Rules. See attached Document, the Individual Practices and Rules For Magistrate Judge Maturollo.

On December 27, 2024 the Executed Summons for each Defendant – David Banks, Katherine Rodi and the Department of Education – was returned to the Court (Docket #9). Each Defendant was successfully served at the City Law Department on 12/19/2024, with answer due on 1/9/2025.

On January 7, 2025 City Law Department Attorney Ilona Ehrlich submitted her Notice of Appearance. Docket #10.

Also on January 7, 2025 Attorney Ehrlich filed a Motion for an extension of time to respond to the Complaint on behalf of David Banks and the Department of Education. No mention of Defendant Katherine Rodi was made. Ehrlich also mentioned that she mailed Plaintiff the request, as she did not have Plaintiff's email address or telephone number.

Plaintiff did not receive Attorney Ehrlich's letter until January 11, 2025.

Meanwhile, on January 8, 2025, the day after the City asked for an extension until March 10, 2025, without any input from Plaintiff who had not received the letter request from Ehrlich, Magistrate Marutollo issued an Order granting the City Law Department's request:

> "ORDER granting 11 . Defendant shall answer, move, or otherwise respond to the Complaint by March 10, 2025. The initial status conference is adjourned to March 11, 2025, at 12:30 p.m. in Courtroom 324 North before Magistrate Judge Joseph A. Marutollo. The parties shall complete the proposed Discovery Plan and Scheduling Order by March 4, 2025. Defendant is directed to serve a copy of this order on Plaintiff and file proof of service on the docket by January 8, 2025. Ordered by Magistrate Judge Joseph A. Marutollo on 1/8/2025." (EG) (Entered: 01/08/2025)

On January 13, 2025 a letter saying that the City Law Department mailed the Order of Magistrate Marutollo to Plaintiff on March 10, 2025 was placed onto the Docket (#12).

On February 5, 2025 Plaintiff wrote a letter to Judge Marutollo requesting a District Court Judge take over her case, not the Magistrate, due to perceived unfairness in Marutollo's Orders concerning Discovery. Docket #14. She never signed any agreement to have Magistrate

Marutollo be on her case, and therefore the District Court Judge is supposed to take over. (see Docket #2, and attached EXHIBIT 2).

Plaintiff discussed with City Attorney Ehrlich the dates for the Discovery and Scheduling Order, and Ms. Ehrlich informed Plaintiff she would submit it to the Court. Thus there was no need to meet in the Court on March 11, 2025. But the Magistrate Judge Maturollo did not adjourn March 11, 2025. Plaintiff will have to miss a day of work.

On February 6, 2025 Plaintiff wrote a letter to Magistrate Marutollo asking for consideration of her being able to communicate with the court via email. (Docket #13)

On February 7, 2025 Magistrate Marutollo issued an Order saying:

ORDER regarding 14 - The initial conference remains scheduled for March 11, 2025, at 12:30 p.m. in Courtroom 324 North before Magistrate Judge Joseph A. Marutollo. Defendant shall email a copy of this order to Plaintiff at the email address provided in Dkt. No. 14 . Ordered by Magistrate Judge Joseph A. Marutollo on 2/7/2025. (GWM) (Entered: 02/07/2025)

On March 3, 2025 City Attorney Ilona Ehrlich emailed Plaintiff that she would not agree to removing Magistrate Judge Marutollo from this matter. (EXHIBIT 3)

## ARGUMENT

Plaintiff has, at all times complied with the rules and procedures of the Court to the best of her ability. This case was no filed frivolously.

Plaintiff must believe that she will be fairly judged, even though she is not an attorney, and that the Court will not give any legal advantage to the City Attorney.

In this case, Plaintiff's expectation that this Court will give a judgment on the facts without bias is simply not possible, because of Magistrate Judge Joseph A. Marutollo.

The first action Magistrate Marutollo took in this case was to Order an extension of time for a meeting with all parties because the City Attorney asked for this. No one, including Magistrate Judge Marutollo, asked Plaintiff or informed her about any dates she was available before the date of March 11 2025 was set. Plaintiff, pro se, deserves all the rights that any attorney would get. She was not given the right to participate in calendaring the initial conference.

Secondly, both sides must agree to a Magistrate Judge taking over the case from the beginning through to the end, and then sign the Form and submit it to the Court.

Neither Plaintiff nor the City attorney submitted the Consent Form to the Court because Plaintiff did not want the Magistrate to be on her case. Judge Marutollo told Plaintiff he was staying on her case. Period. The City Law Department Attorney told Plaintiff she would not agree to remove him. (Ex. 3) However, the rule is that all parties have to agree to have the Magistrate on the case and sign the form. The rule is NOT that all parties must agree to not have the Magistrate on the case for him to be removed. The rule is exactly the opposite.

The most important reason for Plaintiff not wanting the Magistrate on this case is that there is a conflict of interest, and Magistrate Judge Marutollo must recuse himself or be disqualified.

Exhibit1 is the Consent Form. Litigants are also encouraged to read the Judge's bio which is on the EDNY's website.

Plaintiff did that.

In his bio, Magistrate Judge Maturollo proudly cites his work for the City of New York at the NYC Law Department:

> "Upon graduating from law school, Judge Marutollo served as an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department. While at the New York City Law Department, Judge Marutollo handled over 100 federal cases brought pursuant to 42 U.S.C. § 1983, including multiple trials."

Plaintiff is not in a position of having both the Judge and the opposing Counsel against her. At least it looks that way.

No doubt Magistrate Judge Maturollo is an esteemed judge, and has had a very successful career. But to have him in a position of Magistrate on a case where the Plaintiff is a civilian public school teacher coming to this Court with a Section 1983 only to find out that the Judge assigned as Magistrate for her case prosecuted more than 100 Section 1983 federal cases for her opponent, the City of New York as a City law attorney, is simply and clearly irrational and unfair.

The appearance of bias is very clear and present. Magistrate Judge Joseph A. Marutollo should recuse himself from this case or be disqualified, and moved to cases that are not City Law cases and do not have a pro se litigant as the sole Plaintiff.

The relevant Federal Rule on disqualifying a Magistrate Judge is Title 28 U.S.C. § 455.

Section 455(a) provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Nichols v. Alley, 71 F.3d 347,

10

351 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted); United States v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993. In applying the objective test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question. Cooley, 1 F.3d at 993 (citations omitted) (emphasis in original).

Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir. 1986). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Cooley, 1 F.3d at 993 (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), reprinted in 1974 U.S. Code Cong. Admin. News 6351, 6355). The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993 (citations omitted).

Section 455(b) provides:

(b) He shall also disqualify himself in the following circumstances:. . . .

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Green's allegations do not appear to invoke subsections (2), (3), (4), or (5) of § 455(b).

"[Section] 455(b) is stricter than § 455(a) and is concerned with situations that may involve actual bias rather than § 455(a)'s concern with the public perception of the judicial process." Harris v. Champion, 15 F.3d 1538, 1571 (10th Cir. 1994) (internal quotation marks and citation omitted). Section 455(b)(1) "applies to knowledge which the judge obtained extrajudicially, e.g., through prior representation of a party, or by witnessing the events at issue in the proceeding." United States v. Page, 828 F.2d 1476, 1481 (10th Cir. 1987). "Section

455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings." Page, 828 F.2d at 1481.

Under Section 455, factual allegations need not be taken as true. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). "Nor is the judge limited to those facts presented by the challenging party." Hinman, 831 F.2d at 939. The test is whether "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Glass, 849 F.2d at 1268 (citation omitted).

Section 455 "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." In re McCarthey, 368 F.3d at 1269-70. "There must be a reasonable factual basis to question the judge's impartiality." In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004). "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." In re McCarthey, 368 F.3d at 1269. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." Hinman, 831 F.2d at 939 (citations omitted).

The statement below is from the Plaintiffs' Memorandum of Law in Support of Their Motion For Disqualification of Judge Valerie E. Caproni in the Kane-Keil (21-CV-7863 (VEC); 21-CV-8773 (VEC) cases:

> "Disqualification is not only required pursuant to statute but is also required as part of the fundamental due process right. In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that under any circumstances in which judicial bias is probable, due process requires disqualification. The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires. *Id.*
>
> "For centuries, impartiality has been a defining feature of the Anglo-American judge's role in the administration of justice. The reason is clear: in a constitutional order grounded in the rule of law, it is imperative that judges make decisions according to law,

unclouded by personal bias or conflicts of interest. Accordingly, upon ascending the bench, every federal judge takes an oath to 'faithfully and impartially discharge and perform all the duties' of judicial office." Charles G. Geyh, *Judicial Disqualification: An Analysis of Federal Law*, 3rd ed. (Federal Judicial Center, 2020) [hereinafter FJC] at 1 (citing 28 U.S.C. § 453). "Moreover, the Due Process Clause of the Fourteenth Amendment has been construed to guarantee litigants the right to a 'neutral and detached,' or impartial, judge." FJC at 1 (citing *Ward v. Vill. of Monroeville*, 409 U.S. 57 (1972)).

Lastly, in a democratic republic in which the legitimacy of government depends on the consent and approval of the governed, public confidence in the administration of justice is indispensable. It is not enough that judges *be* impartial; the public must *perceive* them to be so. The Code of Conduct for United States Judges therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities." FJC at 1 (citing Code of Conduct for United States Judges, Canon 2A). "Disqualification requirements for federal judges require disqualification not just when a judge is biased or probably biased, but also when a judge's impartiality 'might reasonably be questioned.'" FJC at 1-2 (citing 28 U.S.C. § 455(a)). Judicial impartiality, as well as the appearance of impartiality, is imperative to maintain the public confidence in the judiciary. Impartiality must be "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.'" (quoting *Offutt v. United States*, 348 U.S. 11, 14 (1954))."

Here, Plaintiff argues that Magistrate Judge Marutollo's extensive experience as a City Law Department Attorney in opposing Plaintiffs who have filed Section 1983 Fourteenth Amendment cases reasonably leads to questions regarding neutrality. Under these circumstances, disqualification is mandatory.

## CONCLUSION

Wherefore, Plaintiff requests that this Court disqualify Magistrate Judge Joseph A. Maturollo pursuant to 28 U.S.C. §455(a) and (b) and for other and further relief as the Court deems just and proper. Plaintiff should not be in a situation where she has to overcome challenges to her

arguments not only by the City Law Department Attorney, but also by a former colleague working for the City, the judge appointed to be the trier of fact in her case, Magistrate Marutollo. Plaintiff also requests an adjournment of the Meeting scheduled by Magistrate Maturollo on March 11, 2025, as untimely and unfair to her.

Plaintiff has been denied a voice in the proceedings in her case from the very start, and thus had to file for recusal or disqualification of Magistrate Judge Joseph A. Marutollo. This motion is not frivolous.

Dated: Oceanside, New York
      March 5, 2025

Corrine Lynch

# Exhibit

# 1

## UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NEW YORK

_____

*Plaintiff*

v.                                              Civil Action No.

_____

*Defendant*

### NOTICE OF OPTION TO CONSENT TO MAGISTRATE JUDGE JURISDICTION

A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings in this civil action (including presiding over a jury or non-jury trial) and to order the entry of final judgment. The judgment may then be appealed directly to the United States Court of Appeals like any other judgment of this Court. A Magistrate Judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case resolved by the assigned Magistrate Judge or you may withhold your consent without any adverse consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved in your case.

The parties through their signature (or that of their counsel) consent to have the assigned United States Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings, as indicated below:

| Name of Party | Signature of Party (or Attorney) | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**NOTE:** Do <u>not</u> file this form on ECF unless all parties have consented.

_____

### (For Court Use Only)

**IT IS ORDERED:** All parties having consented, the assigned Magistrate Judge is authorized to conduct all proceedings in this case, and enter final judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____        _____

District Judge Signature and Name

# Exhibit

# 2

CORRINE LYNCH
34 Cheslin Ct.
Oceanside, N.Y. 11572
516-316-0451

Magistrate Judge Joseph A. Marutollo          February 5, 2025
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn,
New York 11201

<u>Re: Lynch v. The Department of Education of the City of New York, et al.,</u>
24-cv-7795-DG-JAM

Dear Judge Marutollo,

My name is Corrine Lynch, and I am the Plaintiff in the above cited case. I am writing this letter
to you to bring to your attention that I did not agree to having you in my case. Respectfully, I
want to have the District Court Judge preside in this matter.

I am concerned with the procedure you used to schedule the Status Conference March 11, 2025,
after giving the City Law Department Attorney their requested time to submit a response to my
Complaint. I am ready and willing to be an equal party to all conferences and scheduling. The
City Law Department failed to include me or, for that matter, even contact me, about their
request for an extension of time was submitted, and I would have willingly given them the time
they want.

But I also need time to respond to their papers, and would have liked to have had that dialogue
with the Law Department before going straight to you. I did not receive any call from the
Attorney.

Additionally, I would like to adjourn the status conference and discuss with the City attorney
what they intend on submitting, and get a schedule for my response now that the District Court
Judge will be taking over. Thus, a pre-Motion conference would not be necessary, if they are
submitting a Motion To Dismiss. I believe that such a pre-motion conference would be
premature, as there are many issues of material fact to be adjudicated in my Complaint.

Thank you for your consideration of my requests.

Respectfully,

Corrine Lynch

CC: Ilona J. Ehrlich

# Exhibit

# 3

**From:** "Ehrlich, Ilona (LAW)" <iehrlich@law.nyc.gov>
**Date:** March 3, 2025 at 2:29:28 PM EST
**To:** Corrine Lynch <rins083082@aol.com>
**Subject: RE: [EXTERNAL] Re: 1:24-cv-07795-DG-JAM**

Dear Ms. Lynch,

 At this time, I am not sure how we plan to respond yet to the Complaint.

 Regarding your request to file a joint letter because you "did not wish for the Magistrate to be assigned to the case" I am not amenable to a joint letter doing so, which I have already communicated.

Please let me know if there is anything specific you need from me.

Thank you.

Kind Regards,

 Ilona Ehrlich
Assistant Corporation Counsel
Labor and Employment Law Division
New York City Law Department
P: 212.356.2549

# Exhibit

# 4

# Magistrate Judge Joseph A. Marutollo

Joseph A. Marutollo was appointed as a United States Magistrate Judge for the Eastern District of New York on September 25, 2023.

Judge Marutollo received his B.A. degree summa cum laude in 2007 from Fordham University, and a J.D. degree cum laude in 2010 from Pace University School of Law, where he was Executive Articles Editor of the Pace Law Review. Upon graduating from law school, Judge Marutollo served as an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department. While at the New York City Law Department, Judge Marutollo handled over 100 federal cases brought pursuant to 42 U.S.C. § 1983, including multiple trials.

Prior to joining the bench, Judge Marutollo served as an Assistant United States Attorney for the Eastern District of New York from March 2015 to September 2023. While at the U.S. Attorney's Office, Judge Marutollo served as Chief of the Civil Division, where he oversaw all civil litigation involving the federal government in the district. Additionally, Judge Marutollo served as Co-Chair of the Legal Issues and Positions Subcommittee for the Department of Justice's Opioid Epidemic Civil Litigation Task Force and as a member of the Department of Justice's Civil Chiefs' Working Group. Judge Marutollo also held other supervisory positions at the U.S. Attorney's Office, including Acting Chief of the Civil Division, Principal Deputy Chief of the Civil Division, Deputy Chief of the Civil Division, Chief of the Immigration Litigation Unit, Ethics Advisor, and Professional Responsibility Officer. While at the U.S. Attorney's Office, Judge Marutollo served as the lead attorney on behalf of the United States in over 150 federal cases, including successful trials in the Eastern District of New York and appeals at the U.S. Court of Appeals for the Second Circuit.

In 2019, Judge Marutollo received a Director's Award for Superior Performance as an Assistant United States Attorney from the Executive Office for United States Attorneys for his exemplary performance in leading the district's civil immigration practice. Also in 2019, Pace University School of Law awarded Judge Marutollo its Rising Star Award. In 2022, Judge Marutollo received the Younger Federal Lawyer Award from the Federal Bar Association.

Judge Marutollo has served as an Adjunct Professor of Law at Pace University School of Law, Fordham Law School, and Brooklyn Law School, as well as an Externship Coordinator at Cardozo Law School. Judge Marutollo has served as a member of the EDNY and SDNY Joint Local Rules Committee; the Advisory Committee on Civil Litigation of the U.S. District Court for the Eastern District of New York; the Board of Editors of the Federal Bar Council Quarterly; and the Board of Advisors at Fordham University's Curran Center for American Catholic Studies.

## Staff Information

Chambers: (718) 510-9700
Courtroom Deputy Esther Glasgow: (718) 510-9704

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

CORRINE LYNCH,

               Plaintiff          **DOCKET NO: 24-cv-07795 (DG)(JAM)**

    -against-

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,
DAVID BANKS, Chancellor and KATHERINE RODI, Director of Employee
Relations,**

               Defendants
_____X

State of New York  )
                 ) ss:
County of Nassau  )

    **CORRINE LYNCH,** Plaintiff pro se in the above cited case, declares under

penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true:

1.  I am the non-Attorney Plaintiff pro se in this action and am familiar with the facts

    and circumstances of this case.

2.  I make this declaration in support of my Notice of Motion and Motion for Recusal

    and Disqualification of Magistrate Judge Joseph A. Marutollo and have attached

    true and accurate copies of four (4) emails and documents submitted to this Court

    and received from this Court which support my arguments made herein

    Dated: Oceanside N.Y.
          March 5, 2025

                               Respectfully submitted,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————x

CORRINE LYNCH,

                Plaintiff          **DOCKET NO: 24-cv-07795 (DG)(JAM)**

    -against-

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,
DAVID BANKS, Chancellor and KATHERINE RODI, Director of Employee
Relations,**

                Defendants

———————————————————————————X

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO DISQUALIFY THE HONORABLE JOSEPH A. MARUTOLLO

Having considered the Plaintiff's motion to disqualify the magistrate judge presiding in the

instant matter, and supporting papers, and any papers submitted in opposition thereto, and oral

argument presented to this Court in support of the parties' position on the Motion, it is **HEREBY**

**ORDERED** that:

1. The Motion is GRANTED.

 2. Magistrate Judge Joseph A. Marutollo does recuse himself from this case, and hereby requests

that the Honorable Margo K. Brodie, Chief Judge, reassign this case.

**IT IS SO ORDERED**.

Dated: This __ day of _____, 2025

———————————————————

Magistrate Judge Joseph A. Marutollo