UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CORRINE LYNCH

                        Plaintiff,                       **OPINION & ORDER**

      v.                                               24-CV-7795
                                                        (Gujarati, J.)
THE DEPARTMENT OF EDUCATION OF THE CITY    (Marutollo, M.J.)
OF NEW YORK, *et al.*,

                        Defendants.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      *Pro se* Plaintiff Corrine Lynch brings this action against Defendants Department of Education of the City of New York, David Banks, and Katherine Rodi (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, New York City Human Rights Law, N.Y.C. Admin Code § 8-101 *et seq.*, and violations of her constitutional rights under 42 U.S.C. § 1983 and the First and Fourteenth Amendments. *See generally* Dkt. No. 1. Plaintiff alleges that Defendants violated her rights by terminating her from employment due to her refusal "to become vaccinated with a COVID-19 vaccine." *Id.* at ¶¶ 3, 12-27.

      Presently before the Court is Plaintiff's motion to recuse the undersigned from this action. *See* Dkt. No. 19. Plaintiff's motion is **DENIED.**

**I.    Background**

      *Pro se* Plaintiff filed this action on November 11, 2024. *See generally* Dkt. No. 1. On December 17, 2024, the undersigned scheduled an in-person initial conference for February 18, 2025. Text Order dated Dec. 17, 2024.

On January 7, 2025, Defendants requested an extension of time to answer, move, or otherwise respond to the complaint. *See* Dkt. No. 11. Defendant also sought an adjournment of the initial conference until a date after Defendants have responded to the Complaint. *Id.* at 1. In their request, Defendants stated that they were "unable to contact Plaintiff to request her consent to this motion" because "Plaintiff's phone number and email address do not appear in the complaint or on the docket." *Id.*

On January 8, 2025, the Court granted Defendants' extension request and adjourned the initial conference to March 11, 2025. Text Order dated Jan. 8, 2025. Defendants' response to the Complaint shall be filed by March 10, 2025. *See id.*

On February 6, 2025, Plaintiff filed a letter with the Court. Dkt. Nos. 14. Plaintiff informed the Court that she "did not agree to having [the undersigned] in [her] case," and that she "want[ed] to have the District Court Judge preside in this matter." *Id.* Plaintiff further expressed that she was "concerned with the procedure [the undersigned] used to schedule the Status Conference March 11, 2025 [*sic*], after giving the City Law Department Attorney their requested time to submit a response to [her] [c]omplaint." *Id.* Plaintiff further requested that the initial conference be adjourned "now that the District Court Judge will be taking over," and that a "pre-motion conference would be premature, as there are many issues of material fact to be adjudicated in [her] [c]omplaint." *Id.*

On February 7, 2025, the Court denied Plaintiff's request to adjourn the conference. Text Order dated Feb. 7, 2025. On February 10, 2025, Plaintiff filed another letter on the docket, which was identical to Plaintiff's filing on February 6, 2025. Dkt. No. 15. The Court thereafter entered an order reiterating the date and time for the March 11, 2025 initial conference. Text Order dated Feb. 12, 2025. Additionally, the Court advised Plaintiff that the undersigned "will preside over the

2

discovery-related procedures of the instant dispute, the schedule of which will be determined at the March 11, 2025 initial conference." *Id.*

On March 6, 2025, Plaintiff filed the instant motion seeking recusal of the undersigned. Dkt. No. 19.  Plaintiff seeks "recusal or disqualification" of the undersigned based on the fact that he served as an Assistant Corporation Counsel in the New York City Law Department close to a decade ago.  *See generally id.*  Plaintiff asserts that the undersigned's "extensive experience as a City Law Department Attorney in opposing Plaintiffs who have filed section 1983 Fourteenth Amendment cases reasonably leads to questions regarding neutrality"; further, Plaintiff claims that she "has been denied a voice in the proceedings in her case from the very start.  *Id.* at 12, 16-17.

## II.   Discussion

Plaintiff's application fundamentally misunderstands the law governing recusal.  The applicable statute, 28 U.S.C. § 455(a), requires that a judge recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  Recusal is only mandated where "an objective, disinterested observer fully informed of the underlying facts, [could] entertain significant doubt that justice would be done absent recusal[.]" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).  Recusal is not required where the judge's interest or participation is "remote, contingent, indirect or speculative." *Id.*

The case law in this Circuit[1] is clear that 28 U.S.C. § 455(a) does not require the undersigned's automatic recusal in all cases involving a City entity or in any matter in which the

---

[1] Plaintiff's brief is replete with citations to case law from the United States Court of Appeals for the Tenth Circuit.  *See* Dkt. No. 19 at 12-16.  Plaintiff is advised that the Court is bound to follow the law of the United States Court of Appeals for the Second Circuit, and precedent from other jurisdictions is merely persuasive authority.  *See New York v. Pride Solvents & Chem. Co.*, No. 15-CV-6569 (DRH) (ARL), 2017 WL 6403515, at *5 (E.D.N.Y. Dec. 15, 2017) (explaining that courts in this circuit are bound be decisions of the Second Circuit); *Unicorn Bulk Traders Ltd. v. Fortune Mar. Enterprises, Inc.*, No. 08-CV-9710 (PGG), 2009 WL 125751, at *2 (S.D.N.Y. Jan. 20, 2009) (same); *see also* 28 U.S.C. § 41 (explaining composition of the federal judicial circuits).

3

Corporation Counsel's office represents or defends New York City's interests. *See, e.g., Green v. New York City Health & Hosps. Corp.*, 343 F. App'x 712, 714 (2d Cir. 2009) ("In this case a reasonable person could not conclude that Judge Crotty's impartiality could reasonably be questioned merely because plaintiff's lawsuit was defended by the Office of Corporation Counsel, and Judge Crotty served as Corporation Counsel seven years before the case was filed"); *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996) (affirming denial of recusal motion which sought a judge's recusal based on his prior employment with the United States Attorney's office); *Nasca v. County of Suffolk*, No. 09-CV-0023 (JFB) (ETB), 2010 WL 3713186, at *1 (E.D.N.Y. Sept. 13, 2010) (denying a motion for recusal which was brought based on the judge's prior employment with the County of Suffolk); *see also Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2024 WL 1077820, at *2 (S.D.N.Y. Feb. 5, 2024) ("Plaintiff's assertion that the undersigned's impartiality can be called into question by virtue of [her] former work as an employment lawyer, primarily representing defendants, is specious. If this assertion were true, the undersigned would be required to recuse in every employment-related case before it. And, taken to its logical conclusion, all judges would be required to recuse in cases involving their general areas of practice prior to becoming a judge. This is not the law and is not a valid reason to call into question the court's impartiality.").

Furthermore, the Second Circuit has clearly determined that a judge's prior representation of one of the parties in a proceeding does not automatically warrant disqualification. *See National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953 (2d Cir. 1978). The undersigned's tenure with the New York City Law Department ended close to a decade prior to the commencement of this litigation and at no point involved Plaintiff or any of the claims at issue. *See United States v. Oluwafemi*, 883 F. Supp. 885, 891-92 (E.D.N.Y. 1995) (denying motion to

recuse a judge for, *inter alia*, his prior service as an federal prosecutor); *see also Lyman v. City of Albany*, 597 F. Supp. 2d 301, 310 (N.D.N.Y. 2009) (rejecting request for recusal based on Judge Kahn's former employment with the City of Albany Corporation Counsel 40 years prior); *Levine v. Gerson*, 334 F. Supp. 2d 376, 377-78 (S.D.N.Y. 2003) (denying a motion for recusal where the plaintiff failed to allege any basis for arguing that the district judge's prior government employment involved participation in working on any the merits of plaintiff's case). Indeed, the undersigned left the Law Department years before the COVID-19 pandemic began.

Additionally, Plaintiff complains that she was unable to participate in Defendants' request for an adjournment of the initial conference and that she was not contacted concerning Defendants' request for an extension. Dkt. No. 19 at 11. She claims that the undersigned's grant of an extension for the deadline of Defendants' answer demonstrates bias warranting recusal. *Id.* Plaintiff's claim, however, fails to bear any semblance of "a deep-seated favoritism or antagonism that would make fair judgment impossible" which is required for recusal based on bias. *See DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 352 (E.D.N.Y. 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)), *aff'd* 712 F. App'x 24 (2d Cir. 2017). In fact, the parties have yet to appear for a hearing before the Court, and the undersigned's most recent orders largely set deadlines and hearings. *See* Text Order dated Dec. 17, 2024 (setting initial conference deadlines and hearings); Text Order dated Jan. 8, 2025 (granting Defendants' request for an extension to answer the complaint and adjourning the initial conference); Text Order dated Feb. 7, 2025 (maintaining March 11, 2025 initial conference date); Text Order dated Feb. 12, 2025 (same and advising Plaintiff that the undersigned will preside over discovery-related procedures).[2]

---

[2] To the extent that Plaintiff contends that she was not contacted by Defendants for the extension request to answer the complaint, Defendants represent that they were "unable to contact Plaintiff to request her consent to the motion" because "Plaintiff's phone number and email address do not appear in the complaint

5

Plaintiff also appears to take issue with the fact that the undersigned has been referred to handle pre-trial case management in this action. Rule 72 of the Federal Rules of Civil Procedure provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Consistent with Rule 72(a), magistrate judges are "authorized 'to make findings as to non-dispositive pretrial matters, such as discovery matters,'" under which they are afforded "broad discretion." *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 9 (E.D.N.Y. 2024) (collecting cases). The undersigned's task of setting a discovery schedule in the instant matter is entirely consistent with the standard practices of this district.

And, contrary to Plaintiff's assertion, "consent of the parties is not necessary for the undersigned to conduct and rule upon pre-trial proceedings that are non-dispositive—matters which are well within the authority vest a United States Magistrate Judge."[3] *See Conte v. Tapps Supermarket, Inc.*, No. 22-CV-3109 (DG) (JMW), 2022 WL 18228316, at *1 (E.D.N.Y. Dec. 19,

---

or on the docket." Dkt. No. 11 at 1. Pursuant to Rule X.A.2 of Judge Gujarati's Individual Practices and Rules, a *pro se* litigant is responsible for "[e]nsur[ing] that the contact information on file remains current." Thus, Plaintiff's complaint here is entirely an issue of her own making. Plaintiff should be vigilant to ensure that all necessary contact information is available to the parties and the Court moving forward.

[3] Throughout Plaintiff's motion, Plaintiff often refers to the undersigned by the title of "Magistrate" rather than "Magistrate Judge." *See* Dkt. No 19. Congress, however, adopted the title of "United States Magistrate Judge in 1990. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge . . . ."). Thus, magistrate judges are judges of the district court and a party—"even when before the magistrate judge—[is] subject to adjudication by an Article [III] . . . court." *McLeod v. Bryant*, No. 23-1721, 2024 WL 3811775, at *4 (6th Cir. Feb. 15, 2024). As the Federal Magistrate Judges Association notes, a Magistrate Judge should be addressed, orally and in writing, as 'Judge.'" *United States Magistrate Judges, Their Function and Purpose in Our Federal Courts*, Federal Magistrate Judges Association, https://www.fmja.org/_files/ugd/b05be0_2dbe6b3eb15e4a20b8ad989197d34d4e.pdf. It further states that "[b]ecause the word 'magistrate' is merely descriptive of the type of judge, to address a Magistrate Judge simply as 'Magistrate' is akin to improperly addressing [] a Bankruptcy Judge as 'Bankruptcy.'" *Id.*; *see also United States v. Higby*, 544 F. Supp. 3d 861, 862 n.1 (S.D. Iowa Dec. 2, 2015) (stating that there is no such place as a magistrate court and noting that magistrate judges work in the United States District Court).

2022), *aff'd*, No. 22-CV-3109, Text Order dated Dec. 21, 2022 (Gujarati, J.) (finding that the magistrate judge "acted well within the authority he holds as a United States Magistrate Judge even absent consent by the parties" in addressing non-dispositive pretrial matters); *cf.* Administrative Order No. 2023-23, found at https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Significantly, the Supreme Court has opined that, "[g]iven the bloated dockets that district courts have now come to expect as ordinary, the role of [the magistrate judge] in today's federal judicial system is nothing less than indispensable." *Peretz v. United States*, 501 U.S. 923, 928 (1991) (quoting *Virgin Islands v. Williams*, 892 F.2d 305, 308 (3d Cir. 1989)); *see also Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015) (Sotomayor, J.) (noting that "without the distinguished service of [bankruptcy and magistrate judges], the work of the federal court system would grind nearly to a halt.").

At bottom, Plaintiff has failed to establish any bases for recusal of the undersigned in the instant case, as her allegations are entirely speculative and baseless. "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001). As the Second Circuit has iterated, "a judge is as much obliged not to recuse himself when it is not called for as he obliged to when it is." *Id.* (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *Conte*, 2022 WL 18228316, at *2 ("Indeed, it is just as important for a judge not to recuse when no grounds exist as it is to recuse when grounds do exist. [] Otherwise, the public's trust, faith and confidence in the judicial system could be severely compromised and placed at great risk.").

### III. Conclusion

Accordingly, Plaintiff's motion is completely without merit and her motion for the undersigned's recusal is denied. Defendants are ordered to serve a copy of this Opinion and Order

on Plaintiff and file proof of service on the docket by March 10, 2025. The March 11, 2025 initial conference will proceed as scheduled.

Dated:   Brooklyn, New York
         March 7, 2025

**SO ORDERED.**

 /s/ Joseph A. Marutollo
JOSEPH A. MARUTOLLO
United States Magistrate Judge