UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CORRINE LYNCH,   STATEMENT OF AFFIRMATION
PURSUANT TO CPLR 2106
BY MAIL

                    Plaintiff,         24-CV-07795

        -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, et al.,

                    Defendants,
-----------------------------------------------------------------x

**Donna Bates,** I am employed in the Office of the Corporation Counsel as a Paralegal, and affirm under the penalties of perjury under the laws of New York. Which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law.

1. The deponent is not a party to the action an is 18 years of age or older.

2. **On the 11th day of March, 2025, the deponent mailed by Certified mail bearing the numbers 70181830000223033739 with a Returned Receipt a filed copy of a Premotion Conference Letter docket. No. 21**

3. **Upon: Corrine Lynch**
   **34 Cheslan Ct**
   **Oceanside, NY 11572**

By depositing a copy of the same, enclosed in a prepaid properly addressed wrapper, in a post office/official deposition, under the exclusive care and custody of the United Postal Service, in the Borough of Manhattan in the State of New York, regularly maintained by the Government of United States directed to the said address designated by said the person for purpose, pursuant to CPLR 2103 (b)(6)

_____
Donna Bates

Date: New York, NY
11th day of March, 2025

Case 1:24-cv-07795-DG-JAM    Document 21    Filed 03/10/25    Page 1 of 4 PageID #: 196



| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>**100 CHURCH STREET**<br>**NEW YORK, NY 10007** | **Ilona J. Ehrlich**<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>phone: 212-356-2549<br>iehrlich@law.nyc.gov |

March 10, 2025

**Via ECF**
Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Lynch v. The Department of Education of the City of New York, et al.</u>
             No. 24-cv-7795 (DG) (JAM)

Dear District Judge Gujarati:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants the Department of Education of the City of New York ("DOE"), David Banks, and Katherine Rodi in the above-captioned action. Plaintiff is a former teacher with DOE whose employment was terminated for failing to comply with the COVID-19 vaccine mandate. Plaintiff vaguely alleges she "holds sincere religious beliefs that prohibit her from getting vaccinated." See Compl., ECF No. 1 at ¶14. Plaintiff alleges, *inter alia*, that Defendants discriminated against her on the basis of her religion and failed to accommodate her religious beliefs under 42 U.S.C. § 1983 and in violation of the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively), violated the Free Exercise and Establishment Clauses of the First Amendment and Equal Protection Clause of the Fourteenth Amendment, and engaged in fraud and deprived her of due process by not affording her a hearing under § 3020-a of the New York State Education Law. See Compl., ECF No. 1. Pursuant to Paragraph III.A of Your Honor's Individual Rules and Practices, Defendants write to respectfully request leave to file a motion to dismiss pursuant to Rule 12(b)(6).

    **A.**    **Plaintiff's SHRL and CHRL Claims are Partially Time Barred**

      Plaintiff filed a notice of claim on March 17, 2023. She alleges she was terminated on February 18, 2022. Plaintiff's failure to serve a notice of claim within 90 days of her termination is fatal to her city and state law claims against the DOE. See Freud v. NY City Dept. of Educ., No. 21-CV-2281 (MKV), 2022 U.S. Dist. LEXIS 54353, *15 (S.D.N.Y. Mar. 25, 2022).

    **B.**    **Plaintiff's Religious Discrimination and Failure to Accommodate Claims Fail**

      Plaintiff appears to allege she was subjected to religious discrimination in violation of the SHRL and CHRL and under Section 1983. Under Section 1983, "for a discrimination claim

to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff [(1)] is a member of a protected class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Buon v. Spindler, 65 F.4th 64, 79 (2d Cir. 2023) (quotation marks and citation omitted). By contrast, under the CHRL and SHRL, a "plaintiff need only show differential treatment—that she is treated 'less well' [rather than an adverse employment action]—because of discriminatory intent." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (citations omitted). Here, there are no allegations raising an inference of discrimination. Plaintiff fails to establish a prima facie case of discrimination because she sets forth no allegations that DOE was motivated by any discriminatory animus.

For a plaintiff to make out a failure to accommodate religious discrimination claim, she must plead that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employers of this belief; and (3) [she was] disciplined for failure to comply with the conflicting employment requirement." Rizzo v. N.Y.C. Dep't of Sanitation, No. 23-cv-7190, 2024 U.S. Dist. LEXIS 116666, at *6 (S.D.N.Y. July 2, 2024) (quoting Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)); Marte v. Montefiore Med. Ctr., No. 22-cv-03491, 2022 U.S. Dist. LEXIS 186884, at *19 (S.D.N.Y. Oct. 12, 2022) (CHRL case; citing Mihalik, 715 F.3d at 109). Here, Plaintiff fails to plead that she had a bona fide religious belief or practice that conflicted with the vaccine mandate. Moreover, even if Plaintiff had sufficiently pleaded a bona fide belief or practice, Defendants can demonstrate that providing Plaintiff a reasonable accommodation would have required the DOE to suffer an undue hardship.

C. **Plaintiff's First Amendment Claims Must be Dismissed**

Plaintiff's First Amendment Free Exercise Clause claims fail. Plaintiff has not alleged facts suggesting that the vaccine mandate or process to request a religious exemption were not neutral or generally applicable or that they unfairly targeted her religion. Here, Plaintiff has not alleged what religious practice was burdened by DOE's vaccine mandate and exemption procedure. See ECF Dkt. No. 1. First Amendment challenges to the COVID-19 vaccine mandates at issue have been uniformly rejected in this Circuit. See, e.g., Kane v. De Blasio, 623 F. Supp. 3d 339, 354-59 (S.D.N.Y. 2022), aff'd in part sub nom New Yorkers for Religious Liberty, Inc. v. City of New York, 121 F.4th 448 (2d Cir. 2024). Plaintiff's First Amendment Establishment Clause claims also fail because as both Kane and New Yorkers for Religious Liberty have held, the vaccine mandate does not violate the Establishment Clause. Kane, 623 F. Supp. 3d at 358-59; New Yorkers for Religious Liberty, 121 F.4th at 460-61. Plaintiff failed to plead facts suggesting that the mandate advanced or inhibited religion or showed preference to any particular religion. The Second Circuit has determined that Defendants' Citywide Panel procedures do not violate the Establishment Clause. See New Yorkers for Religious Liberty, 121 F.4th at 460-61. As such, Plaintiff failed to state a First Amendment claim, and these claims should be dismissed.

D. **Plaintiff's Equal Protection Claim Must be Dismissed**

Plaintiff has failed to state a claim under the Equal Protection Clause. Specifically, Plaintiff alleges that Defendants "engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon [her] religion and [] constitutionally protected conduct" and "selectively treated Plaintiff differently from other similarly situated employees and

acted with no rational basis for the difference in treatment." Compl. ¶52. To maintain a selective enforcement Equal Protection claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir. 2008). In the Second Circuit, courts have held that, in the selective enforcement context, individuals must be similarly situated in all material respects. See Freud v. New York City Dep't of Educ., No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353, at *20-21 (S.D.N.Y. Mar. 25, 2022). Here, the Complaint alleges no facts regarding those who did and did not receive accommodations. Plaintiff's failure to identify any similarly situated individuals who were treated better by having their accommodation approved or being reinstated is fatal to her Equal Protection Clause claims.

### E. Plaintiff's Fraud in the Inducement Claim and Due Process Claims Fail

Under Rule 9(b) to sufficiently plead fraud in the inducement a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." Kalaj v. Kay, No. 23-cv-4395, 2023 U.S. Dist. LEXIS 122687 at*23 (E.D.N.Y. July 17, 2023). Plaintiff fails to satisfy even one of the pleading requirements to sufficiently state a fraud in the inducement claim. To state a deprivation of due process claim, a plaintiff must establish (1) that she possessed a protected property interest; and, (2) that she faced a deprivation of that interest without constitutionally adequate process. See Peralta v. N.Y. City Dep't of Educ., No. 21-CV-6833(EK)(LB), 2023 U.S. Dist. LEXIS 169529 at *11 (E.D.N.Y. Sept. 22, 2023). Generally, courts in this circuit have consistently found that the DOE vaccine mandate, the process by which DOE employees were notified of the mandate and how to apply for an exemption to the Mandate, and the termination of their employ following an employee's failure to comply with the mandate, did not violate due process. See e.g., Broecker, 585 F.Supp 3d 299 (E.D.N.Y. 2022). Moreover, Plaintiff had the option to pursue a post- deprivation remedy in New York state court pursuant to Article 78 of the New York Civil Practice Law such a proceeding is a perfectly adequate post-deprivation remedy. See Peralta, 2023 U.S. Dist LEXIS 169529 at *11. Indeed, Plaintiff's Complaint here should be dismissed in its entirety on the additional grounds that all of her claims should have been brought as an Article 78, but are time-barred by the four month statute of limitations that applies to such proceedings. See Thorne-Long v. City of New York, R. & R. (ECF No. 24), No. 23-cv-04305 at *8-10, *report & recommendation adopted by*, 2024 U.S. Dist. LEXIS 119748 (June 8, 2024). To the extent Plaintiff alleges a violation of Education Law § 3020-a, because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no such hearing was required. See O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York, 213 A.D.3d 560, 562 (1st Dep't 2023) ("The requirement that every DOE employee be vaccinated against COVID-19 . . . is a qualification of employment unrelated to job performance, misconduct, or competency") (quotation marks and citation omitted).

Respectfully submitted.

*Ilona J. Ehrlich*
_____
Ilona J. Ehrlich
Assistant Corporation Counsel

cc: **Corrine Lynch (by mail)**
*Plaintiff pro se*
34 Cheslan Street
Oceanside, NY 11572

- 4 -