24-CV-07795 (DG) (JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CORRINE LYNCH,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, DAVID BANKS, Chancellor and
KATHERINE RODI, Director of Employee Relations,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO
DISMISS THE COMPLAINT**

## MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-196
New York, N.Y. 10007-2601

Of Counsel:  Ilona J. Ehrlich
Telephone: (212) 356-2549
iehrlich@law.nyc.gov

Matter No. 2024-103601

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

      A.  Vaccine Mandate And Reinstatement Procedure ...................................... 1

      B.  Plaintiff's Allegations ............................................................................. 2

STANDARD OF REVIEW ......................................................................................... 4

ARGUMENT

     POINT I

        PLAINTIFF'S SHRL AND CHRL CLAIMS
        AGAINST DOE AND BANKS ARE TIME
        BARRED ..................................................................................................... 6

     POINT II

        THE COMPLAINT FAILS TO STATE A
        DISCRIMINATION CLAIM UNDER ALL
        STATUTES .................................................................................................. 7

     POINT III

        THE COMPLAINT FAILS TO STATE A FAILURE
        TO ACCOMMODATE CLAIM UNDER ALL
        STATUTES .................................................................................................. 9

        A.  Plaintiff's failure to accommodate claims should
           be dismissed .............................................................................. 9

        B.  Plaintiff's Failure to Engage in the Interactive
           Process Claim under the CHRL should be
           dismissed .................................................................................. 13

**Page**

POINT IV

     THE   VACCINE   MANDATE   IS   LAWFUL, CONSTITUTIONAL AND ENFORCEABLE..............................................14

     A. The Vaccine Mandate, And Subsequent Re-Instatement Process, Are Both Constitutional ........................................14

     B. Plaintiff Has Not Plausibly Plead A First Amendment Claim ...............................................................................15

     C. Plaintiff's Equal Protection Clause Claim Fails .....................................18

POINT V

     PLAINTIFF'S   FRAUD   IN   THE   INDUCEMENT CLAIM FAILS...............................................................................20

POINT VI

     PLAINTIFF'S CLAIMS SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 IN NEW YORK STATE COURT..............................................................................20

POINT VII

     PLAINTIFF'S DUE PROCESS CLAIM FAILS ........................................21

POINT VIII

     DEFENDANT RODI SHOULD BE DISMISSED .....................................22

CONCLUSION...................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

Agostini v. Felton,
   521 U.S. 203 (1997).................................................................................17

Algarin v. NYC Health + Hosps. Corp.,
   No. 22-CV-8340 678 F. Supp. 3d 497 (S.D.N.Y. June 23, 2023)................................9, 10, 12

Amorosi v. S. Colonie Indep. Cent. Sch. Dist.,
   9 N.Y.3d 367 (2007)..................................................................................6

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..................................................................................4

Baker v. Home Depot,
   445 F.3d 541 (2d Cir. 2006)......................................................................9, 10

Beck-Nichols v. Bianco,
   20 N.Y.3d 540 (2013) ............................................................................14-15

Beickert v. N.Y.C. Dep't of Educ.,
   2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023).........................................10, 12, 13

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)..................................................................................4

Bowman v. New York State Hous. Cmty. Renewal,
   No. 18 Civ. 11596 (ER), 2020 U.S. Dist.
   LEXIS 44138 (S.D.N.Y. March 11, 2020) ...........................................................21

Brock v. City of New York,
   2022 U.S. Dist. LEXIS 17389 (S.D.N.Y. Jan. 28, 2022)..........................................16

Broecker v. N.Y.C. Dep't of Educ.,
   585 F. Supp. 3d 299 (E.D.N.Y. 2022),
   aff'd, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023).....................15, 22

Brown v. New York City Dep't of Educ.,
   No. 20-CV-2424, 2021 U.S. Dist. LEXIS 181382
   (S.D.N.Y. Aug. 31, 2021)..........................................................................7

C.F. v. NY City Dept. of Health & Mental Hygiene,
   191 A.D. 3d 52 (2d Dep't 2020)...................................................................16

Cartagena v. City of New York,
   257 F.Supp. 2d 708 (S.D.N.Y. 2003)..............................................................21

**Cases**                                                                                      **Pages**

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)........................................................................5

Church of the Am. Knights of the Ku Klux Klan v. Kerik,
   356 F.3d 197 (2d Cir. 2004)......................................................................18

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
   508 U.S. 520 (1993)..................................................................................16

Matter of Clarke v. Bd. of Educ. of the City Sch.,
   213 A.D.3d 548 (1st Dep't 2023)..............................................................14

Dayton v. City of Middletown,
   786 F. Supp. 2d 809 (S.D.N.Y. 2011)........................................................6

In re Elevator Antitrust Litig.,
   502 F.3d 47 (2d Cir. 2007).........................................................................4

Employment Div. v. Smith,
   494 U.S. 872 (1990)..................................................................................16

Eng v. City of New York,
   715 Fed. Appx. 49 (2d Cir. 2017)...............................................................8

Fifth Ave. Presbyterian Church v. City of New York,
   293 F.3d 570 (2d Cir. 2002)......................................................................16

Fowlkes v. Rodriguez,
   584 F. Supp. 2d 561 (E.D.N.Y. 2008).......................................................5

Freud v. New York City Dep't of Educ.,
   No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS
   54353 (S.D.N.Y. Mar. 25, 2022) .........................................................18, 19

Fuca v. City of New York,
   15 Misc. 3d 86 (2d Dep't, 2007)...............................................................20

Garland v. N.Y. City Fire Dep't.,
   574 F. Supp. 3d 120 (E.D.N.Y. 2021).......................................................14

Garland v. New York City Fire Dept.,
   2021 U.S. Dist. LEXIS 233142, 2021 LRRM (BNA)
   464267 (EDNY 2021)................................................................................9

iv

**Cases**                                                                                           **Pages**

Glascoe v. Solomon,
    No. 18 Civ. 8284 (AT), 2020 U.S. Dist. LEXIS 46930
    (S.D.N.Y. March 17, 2020)...............................................................................6

Goldstein v. Pataki,
    516 F.3d 50 (2d Cir. 2008)................................................................................4

Greenbaum v. N.Y. City Transit Auth.,
    2022 U.S. App. LEXIS 22589
    (2d Cir. Aug. 15, 2022).....................................................................................10

Greene v. Kabbala Ctr. Int'l, Inc.,
    625 F. Supp. 3d 3 (E.D.N.Y. 2022)................................................................10

Groff v. DeJoy,
    143 S. Ct. 2279 (2023)....................................................................................10

Grullon v. City of New Haven,
    720 F.3d 133 (2d Cir. 2013)............................................................................22

Henek v. CSC Holdings, LLC,
    449 F. Supp. 3d 35 (E.D.N.Y. 2020)..............................................................8

Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    220 A.D.3d 416 (1st Dep't 2023)...................................................................13

Matter of Hogue v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
    197 N.Y.S. 136 (1st Dep't Oct. 3, 2023).......................................................21

Hughey v. Metropolitan Transp. Auth.,
    159 A.D.3d 596 (1st Dep't 2018)...................................................................20

Jones v. Bay Shore Union Free Sch. Dist.,
    170 F. Supp. 3d 420 (E.D.N.Y. 2016)............................................................21

Kalaj v. Kay,
    No. 23-cv-4395, 2023 U.S. Dist. LEXIS 122687
    (E.D.N.Y. July 17, 2023).................................................................................20

Kane v De Blasio,
    19 F.4th 152 (2d Cir. 2021) ...............................................................11, 14, 17

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022).................................................12, 17, 19

**Cases**                                                                                                  **Pages**

Larson v. Valente,
  456 U.S. 228 (1982).............................................................................17

Matter of Lebowitz v. Bd. Of Educ. of the City Sch. Dist. of the City of N.Y.,
  220 A.D.3d 537 (1st Dep't 2023),
  lv rearg & lv appeal denied 41 N.Y.3d 987 (May 16, 2024).................................13

Matter of Lee v. City of New York,
  221 A.D.3d 505 (1st Dep't 2023)....................................................13, 21

Leebaert v. Harrington,
  332 F.3d 134 (2d Cir. 2003)..........................................................16

Lewinter v. New York City Dep't of Educ.,
  No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS
  68493 (S.D.N.Y. July 9, 2010) .......................................................6

Lowman v. NVI LLC,
  821 Fed. Appx. 29 (2d Cir. 2020).....................................................7, 10

Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
  221 A.D.3d 456 (1st Dep't 2021) .....................................................13, 21

Matter of Marsteller v. City of NY,
  217 A.D.3d 543 (1st Dep't 2023),
  lv rearg & lv appeal denied 208 N.Y.S.3d 529 (Mar. 19, 2024) ......................13, 21

Miner v. Clinton County,
  541 F.3d 464 (2d Cir. 2008)...........................................................18

Noll v. IBM,
  787 F.3d 89 (2d Cir. 2015)............................................................11

O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
  213 A.D.3d 560 (1st Dep't 2023) ..............................................14, 15, 22

Offor v. Mercy Med. Ctr.,
  167 F. Supp. 3d 414 (E.D.N.Y. 2016) ..................................................7

Pagan v. Morrissania Neighborhood Family Health Ctr.,
  2014 U.S. Dist. LEXIS 14978
  (S.D.N.Y. Jan. 22, 2014)..............................................................7

Parochial Bus Systems v. Board of Education,
  60 N.Y.2d 539 (N.Y. 1983)............................................................6

**Cases**                                                                                           **Pages**

Peralta v. N.Y. City Dep't of Educ.,
    No. 21-CV-6833(EK)(LB), 2023 U.S. Dist. LEXIS 169529
    (E.D.N.Y. Sept. 22, 2023)..................................................................................21, 22

Purcell v. City of New York,
    110 A.D.3d 535 (1st Dep't 2013) ...................................................................20

Riley v. N.Y. City Health & Hosps. Corp.,
    No. 22 Civ. 2736 (JGK), 2023 U.S. Dist. LEXIS
    27562 (S.D.N.Y. Feb. 17, 2023)....................................................................17

Rubin v. New York City Bd. of Educ,
    No. 20 Civ. 10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS
    2832 (S.D.N.Y. Jan. 6, 2023)..........................................................................6

Sank v. City Univ. of N.Y.,
    No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016
    (S.D.N.Y. Oct. 27, 2011) .................................................................................8

Sindone v. Kelly,
    439 F. Supp. 2d 268 (S.D.N.Y. 2006)............................................................20

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020)...........................................................................22

Thorne-Long v. City of New York,
    R. & R. (ECF No. 24), No. 23-cv-04305,
    report & recommendation adopted by, 2024 U.S. Dist.
    LEXIS 119748 (June 8, 2024) .......................................................................22

Verne v. NY City Dept. of Educ., No. 21-CV-5427,
    2022 US Dist LEXIS 180299
    (SDNY Sep. 30, 2022)....................................................................................23

Warmin v. New York City Dep't of Educ.,
    No. 16-CV-8044, 2018 U.S. Dist. LEXIS 47518 (S.D.N.Y. Mar. 22, 2018)...........................6

We The Patriots USA, Inc. v. Hochul,
    17 F4th 266, 294 (2d Cir. 2021),
    op. clarified, 17 F4th 368 (2d Cir. 2021) .........................................................9

Williams v. City of New York,
    2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007
    (S.D.N.Y. Nov. 1, 2005).................................................................................22

**Cases**                                                                                                    **Pages**

Williams v. N.Y. City Dep't of Educ.,
    2019 U.S. Dist. LEXIS 147789 (S.D.N.Y. Aug. 28, 2019).......................................................7

**Statutes**

42 U.S.C. § 1983..............................................................................1, 7, 9, 13, 18, 22, 23

Fed. R. Civ. P. 8(a)(2)....................................................................................................4

Fed. R. Civ. P. 9(b)......................................................................................................20

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 4

Fed. R. Civ. P. 12(b)(7)..................................................................................................4

Fed. R. Civ. P. 19..........................................................................................................4

N.Y.C. Admin. Code §§ 8-101, *et seq.* ........................................................................1

N.Y. C.P.L.R. § 217......................................................................................................21

N.Y. C.P.L.R. § 217(1)..................................................................................................21

N.Y. Educ. Law § 3020-a........................................................................................15, 22

N.Y. Educ. Law § 3813..................................................................................................6

N.Y. Educ. Law § 3813(2-b)..........................................................................................6

N.Y. Exec. Law § 296, *et seq.*......................................................................................1

## PRELIMINARY STATEMENT

Plaintiff, a former Teacher employed by the New York City Department of Education ("DOE"), brings this action pursuant to the Free Exercise and Establishment Clauses of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("SHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.* ("CHRL"). See Complaint ("Compl"), ECF Dkt. No. 1.

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety upon the following grounds: (1) Plaintiff's SHRL and CHRL claims against DOE and former Chancellor Banks are time-barred; (2) Plaintiff's discrimination claim fails under all statutes; (3) Plaintiff's failure to accommodate claim fails under all statutes; (4) the Vaccine Mandate is lawful, constitutional and enforceable; (5) Plaintiff's fraud in the inducement claim fails; (6) Plaintiff's claims should have been brought as an Article 78 in New York State Court; (7) Plaintiff's due process claims fails; and (8) Defendant Rodi should be dismissed.

## STATEMENT OF FACTS[1]

**A.     Vaccine Mandate And Reinstatement Procedure**

On August 23, 2021, former Mayor de Blasio and the former Department of Health and Mental Hygiene ("DOHMH") Commissioner, Dave A. Chokshi, announced that DOE employees would be subject to a Covid-19 vaccine mandate. See Exhibit A (9/15/21 Order); see also Exhibit B (9/28/21 Amended Order).

---

[1] Plaintiff's factual allegations are assumed to be true only for the purposes of this motion to dismiss. This statement of facts is derived from the allegations in and documents annexed to, the Complaint and the lettered exhibits annexed to the Declaration of Assistant Corporation Counsel Ilona J. Ehrlich, dated April 28, 2025 ("Ehrlich Decl.") accompanying this memorandum of law. As explained further in the Standard of Review section below, the Court may properly consider the documents annexed to the Ehrlich Declaration because they were incorporated by reference in the Complaint, are integral to Plaintiff's claims, or are publicly available.

On February 6, 2023,  the Mayor of the City of New York announced that the City "will make vaccination optional for current and prospective city workers effective February 10, 2023, following the expected ratification at the next Board of Health meeting." <u>See</u> Office of the Mayor Press Release, dated February 6, 2023 https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination. Noting that the vast majority (96%) of the City's workers and New Yorkers, generally, had been fully inoculated against COVID-19, the Mayor stated that the "vaccine requirement for the primary series of shots has served its purpose, driving rates of vaccination up among the city's workforce during a critical period in the pandemic." <u>Id</u>. The Mayor further explained that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for positions with their former agencies through existing city rules and regulations and hiring process." <u>Id</u>.

In light of the Mayor's February 2022 change in the Vaccine Mandate, the DOE posted guidance in relation to the Vaccine Mandate and the reinstatement process. <u>See</u> <u>Exhibit C</u> (7/6/23 DOE Announcement). In pertinent part, the announcement provides that "there are no provisions for automatic return to service, or guarantees of hire…" and that "[i]f the employee was terminated… they may apply to be re-hired as a new employee but may not be reinstated…" <u>Id</u>.

**B.    Plaintiff's Allegations**

Plaintiff purports to have been employed by the DOE as a teacher from 2011 until she was terminated in 2022. Compl. at ¶¶ 5, 21. Plaintiff failed to provide proof of vaccination and, instead, requested a religious reasonable accommodation in September, 2021. <u>See</u> Compl. at ¶ 3; <u>see</u> <u>also</u> <u>Exhibit D</u> (Pl. Exemption Request Letter).In her accommodation request, Plaintiff requested an exemption from the vaccine mandate because "[t]hrough prayer, consulting with self, God and family members, I have found the strength to carry out what God's word means to me,

even if it means opposing a more mainstream school of thought…" See Ex. E; see also Compl., ECF No. 1 at p. 23-24,. On September 25, 2021, Plaintiff's religious exemption request was denied by the DOE. See Compl. at ¶ 16; see also Exhibit E (Religious RA Denial Email). The DOE explained to Plaintiff:

> We have reviewed your application and supporting documentation for a religious exemption from the DOE COVID-19 vaccine mandate. Your application has failed to meet the criteria for a religious based accommodation. Per the Order of the Commissioner of Health, unvaccinated employees cannot work in a Department of Education (DOE) building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation, as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

See Ex. E (Religious RA Denial Email). Plaintiff alleges she attempted to re-apply for a reasonable accommodation on October 5, 2021, "but was not permitted" to do so, then again on November 29, 2021 but "was not provided any option to do so in the DOE portal." See Compl. at ¶¶ 18, 20. However, in fact, Plaintiff did submit another vaccine-related exemption request on October 5, 2021—a **medical** accommodation request. See Exhibit F (Medical RA Request). In addition, Plaintiff was sent confirmation that her October 5, 2021, medical RA Request was received. See Exhibit G (SOLAS Confirmation). On top of that, Plaintiff was sent a notification that her October 5, 2021, medical RA Request was denied on October 13, 2021. See Exhibit H (Medical RA Denial Letter). On February 8, 2022, Plaintiff received an e-mail stating that she would be terminated on February 18, 2022 See Compl. at ¶ 21.

On February 18, 2022, Plaintiff was terminated from her position with the DOE as she failed to comply with the vaccination requirement. See Compl. at ¶ 21. Plaintiff further alleges that because she did not comply with the vaccine requirement, on or about April 28, 2022, Plaintiff

was informed that the DOE's Office of Personne Investigations ("OPI") had placed her personnel file and fingerprints on the 'Problem Code' database in October, meaning that she would not be able to work in any position for the NYC DOE or any vendor because she was "deemed guilty of misconduct/insubordination". See Compl. at ¶ 23. Plaintiff filed a notice of claim that was received by DOE on March 17, 2023 and the New York City Comptroller on March 23, 2023. See Exhibit I (NOC).

Plaintiff further alleges that following the lifting of the vaccine mandate in February 2023, "no one at the DOE told Plaintiff she could re-apply for her job." See Compl. at ¶ 24.

## STANDARD OF REVIEW

A complaint may be dismissed "for failure [of the pleading] to state a claim upon which relief can be granted" and "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(6) and (7). To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible") (quotation marks and alteration omitted). Plaintiff must also "provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quotation marks and citation omitted).

Although the court must accept plaintiff's allegations as true, it is "permitted to consider and take judicial notice of certain documents, such as matters of public record, and reject the truthfulness of those allegations that are contradicted by the documents." Fowlkes v. Rodriguez, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008).   Specifically, the Court can consider "documents attached to the complaint as an exhibit or incorporated in it by reference,…matters of which judicial notice may be taken, or…documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (citation and quotation marks omitted; alterations in original).   Moreover, "even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Id. (quotation marks and citation omitted).   Based on this authority, the Court should consider: Department of Education Order, dated September 15, 2021 (Ex. A); Amended Department of Education Order, dated September 28, 2021 (Ex. B); Department of Education Announcement Regarding Reinstatement (Ex. C); Plaintiff's Religious Exemption Request Letter, dated September 21, 2021 (Ex. D); Plaintiff's Religious RA Denial E-mail, dated September 25, 2021 (Ex. E); Plaintiff's Medical RA Request, dated October 5, 2021 (Ex. F); SOLAS Confirmation Receipt of Plaintiff's Medical RA Request, dated October 5, 2021 (Ex. G); Plaintiff's Medical RA Request Denial Letter, dated October 13, 2021 (Ex. H); Plaintiff's Notice of Claim dated March 10, 2023 (Ex. I).   Plaintiff either had possession and knowledge of each of these documents, relied on them in bringing this action and drafting the Complaint, the Complaint relies heavily on their terms and effects, and/or they are publicly available.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S SHRL AND CHRL CLAIMS AGAINST DOE AND BANKS ARE TIME BARRED**

Plaintiff's SHRL and CHRL claims against the DOE and former Chancellor Banks are subject to the three month notice of claim requirement of New York Education Law § 3813 and have a one year statute of limitation. See Lewinter v. New York City Dep't of Educ., No. 09 Civ. 0227 (PGG), 2010 U.S. Dist. LEXIS 68493, at *7 (S.D.N.Y. July 9, 2010); Rubin v. New York City Bd. of Educ, No. 20 Civ. 10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832 at *54 n.14 (S.D.N.Y. Jan. 6, 2023) ("the statute of limitations for state and local claims against the BOE and its officers is also one year") (citing N.Y. Educ. Law § 3813(2-b)); Warmin v. New York City Dep't of Educ., No. 16-CV-8044, 2018 U.S. Dist. LEXIS 47518, at *18 (S.D.N.Y. Mar. 22, 2018) ("A superintendent or chancellor of a board of education is an officer on whom a notice of claim must be filed" pursuant to Education Law § 3813); see also Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007) (the one-year limitation prescribed in Education Law § 3813(2-b) should govern discrimination claims against a school district). "[N]otice of claim requirements [are] 'construed strictly'" and "'[f]ailure to comply with this requirement ordinarily requires a dismissal for failure to state a cause of action.'" Dayton v. City of Middletown, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011); see also Glascoe v. Solomon, No. 18 Civ. 8284 (AT), 2020 U.S. Dist. LEXIS 46930, at *27 (S.D.N.Y. March 17, 2020) ("Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result") (citing Parochial Bus Systems v. Board of Education, 60 N.Y.2d 539 (N.Y. 1983))

Here, Plaintiff was terminated on February 18, 2022. See Compl. at ¶21. Plaintiff filed a Notice of Claim with DOE on March 17, 2023 and the New York City Comptroller on

6

March 23, 2023, Ex. I (NOC), over a year after her termination, and well over 90 days after the latest possible accrual date for any causes of action. Thus, her NYSHRL and NYCHRL claims against the DOE and Banks are barred for failure to timely file a notice of claim and should accordingly be dismissed. See Williams v. N.Y. City Dep't of Educ., 2019 U.S. Dist. LEXIS 147789, at *54 (S.D.N.Y. Aug. 28, 2019) (Plaintiffs' "NYSHRL and NYCHRL claim that rely about discrete adverse employment events that occurred prior to… 90 days before [filing date of notice of claim] are untimely).

## POINT II

## THE COMPLAINT FAILS TO STATE A DISCRIMINATION CLAIM UNDER ALL STATUTES

Under Section 1983 and Title VII, a Plaintiff must plausibly allege that "(1) the employer discriminated against [her] (2) because of [her] race, religion, sex, or national origin." Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Even under the more liberal CHRL, Plaintiff is still required to plead facts which "plausibly give rise to an inference of unlawful discrimination." Pagan v. Morrissania Neighborhood Family Health Ctr., 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. Jan. 22, 2014). A Plaintiff may raise an inference of discrimination with actions by, or remarks from, her employer which "convey a discriminatory animus," or by showing "preferential treatment given to similarly situated" employees. Brown v. New York City Dep't of Educ., No. 20-CV-2424, 2021 U.S. Dist. LEXIS 181382, at *18 (S.D.N.Y. Aug. 31, 2021).

However, Plaintiff's *prima facie* case fails under all statutes because the circumstances surrounding Plaintiff's termination do not give rise to an inference of discrimination. Plaintiff pleads no facts to suggest that she was terminated due to her Christian faith. Plaintiff was terminated because she declined the COVID-19 vaccine, which was required of *all* DOE employees. The Vaccine Mandate

7

was equally applicable to everyone working at the DOE, excluding only those with valid exemptions. Plaintiff's only attempt to plead that she was treated less well than others because of her protected class are the conclusory statements described herein. Without allegations raising an inference of a discriminatory motive, Plaintiff's discrimination claims under all statutes must be dismissed.

Here, the Complaint neither alleges similarly situated individuals who were treated more favorably than Plaintiff, nor has she alleged any direct evidence of discriminatory intent. In conclusory fashion, Plaintiff states "[s]he was discriminated against because of her religious beliefs." Compl. at ¶ 35. However, she fails to plead any factual allegations raising an inference of religious-based discrimination. Thus, by having failed to plead any facts giving rise to an inference of discriminatory animus on the basis of religion, Plaintiff has not met her prima facie burden. See Eng v. City of New York, 715 Fed. Appx. 49, 53 (2d Cir. 2017) (affirming dismissal of CHRL and SHRL claims for failing to sufficiently allege the existences of individual similarly situated who were treated more favorably); Sank v. City Univ. of N.Y., No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016, at *24 (S.D.N.Y. Oct. 27, 2011) (dismissing gender discrimination claim when the "Complaint contains only conclusory assertions that Plaintiff's gender motivated the challenged relocation decisions and an exposition on the alleged 'history of discrimination against women' at City College with respect to [an] unrelated issue"). Put another way, Plaintiff's claims are but a recantation of the classic false syllogism of "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad happened because I am (fill in the protected class)." Henek v. CSC Holdings, LLC, 449 F. Supp. 3d 35, 45 (E.D.N.Y. 2020) (internal quotation omitted).

Even assuming, *arguendo*, Plaintiff had pled a prima facie discrimination case (which she has not), Defendants had a legitimate non-discriminatory reason for terminating her that is apparent from the pleadings and exhibits annexed to this motion. Plaintiff failed to comply

valid and neutral law of general applicability, namely the COVID-19 Vaccine Mandate, and accordingly, Plaintiff was no longer qualified for City employment. Other Courts in this Circuit considering various vaccine mandates have reached a similar conclusion. See We The Patriots USA, Inc. v. Hochul, 17 F4th 266, 294 (2d Cir. 2021), *op. clarified*, 17 F4th 368 (2d Cir. 2021) (noting that vaccination was a condition of employment in the healthcare field); see also Garland v. New York City Fire Dept., 2021 U.S. Dist. LEXIS 233142, 2021 LRRM (BNA) 464267 (EDNY 2021) (concluding that the Fire Commissioner was, in light of the ongoing pandemic, entitled to require vaccination as a condition of employment). The Vaccine Mandate was a condition of employment for the DOE, and Plaintiff admits she did not satisfy that condition, and therefore Defendants were permitted to place her on leave without pay and terminate her employment. Plaintiff fails to plead any facts suggesting this rationale was pretext for discrimination, and her claims should accordingly be dismissed.

## POINT III

## THE COMPLAINT FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM UNDER ALL STATUTES

### A.    Plaintiff's failure to accommodate claims should be dismissed

To state a claim for failure to accommodate her religious beliefs under Section 1983, the SHRL, and the CHRL, Plaintiff must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed DOE of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006); see also Algarin v. NYC Health + Hosps. Corp., No. 22-CV-8340 678 F. Supp. 3d 497 (S.D.N.Y. June 23, 2023) ("The same Title VII two step framework is used to evaluate a NYCHRL claim"). If a plaintiff establishes a *prima facie* case, the "employer must offer the employee a

reasonable accommodation, unless doing so would cause an undue hardship." See Baker, 45 F.3d at 546 (internal quotations omitted); see also Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. Aug. 15, 2022) ("The NYSHRL and the NYCHRL also do not require an employer to provide an accommodation if it would cause an undue hardship for an employer"). An "undue hardship is defined as [an] 'accommodation requiring significant expense or difficulty' including 'significant interference with the safe or efficient operation of the workplace.'" Algarin at *27-8; see also Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *8 (E.D.N.Y. Sept. 25, 2023) ("the Supreme Court clarified… that an employer suffers an undue hardship when 'the accommodation would result in substantial increased costs in relation to the conduct of [an employer's] particular business.'") (quoting Groff v. DeJoy, 143 S. Ct. 2279, 2295 (2023)). Undue hardship is an affirmative defense which may be asserted "in a pre-answer motion to dismiss when the facts establishing it are clear." Lowman v. NVI LLV, 821 F. App'x 29, 31 (2d Cir. 2020).

As a preliminary matter, Plaintiff alleges that she "holds sincere religious beliefs that prohibit her from getting vaccinated" and that her request was "a statement on her sincere religious beliefs which forbade her from getting vaccinated with the COVID-19 vaccine." Compl. at ¶¶ 14, 29. However, such "[t]hreadbare recitals of the elements… supported by mere conclusory statements" are insufficient. Greene v. Kabbala Ctr. Int'l, Inc., 625 F. Supp. 3d 3, 22-3 (E.D.N.Y. 2022). Moreover, Plaintiff's request for a religious accommodation, which is annexed to the Complaint and Defendants' Declaration, fails to articulate a religious belief that conflicts with an employment requirement. While Plaintiff's RA Request states that she was brought up as Christian and speak to her purported "relationship with God" in general terms, Plaintiff does not point to any specific Christian beliefs that directly conflict with her ability to take the COVID-19 vaccine.

10

Plaintiff's request does not point to a single bona fide religious belief that conflicts with the vaccination requirement. See generally Compl. A Plaintiff's own personal or philosophical objections to the COVID-19 vaccine are insufficient to show a religious conflict. See Kane v De Blasio, 19 F.4th 152, 160 (2d Cir. 2021) (finding accommodations requests were properly denied "where the objection is personal, political, or philosophical in nature.").

Moreover, all of the suggested accommodations put forth by Plaintiff have been found to constitute an undue hardship by courts in the Second Circuit, thus requiring dismissal of a failure to accommodate claim. Like her allegations regarding her religious beliefs, Plaintiff's religious accommodation request fails to specify any particular accommodation she sought beyond that she wished to avoid taking the vaccine. See Ex. D. Additionally, in her October 5, 2021, medical reasonable accommodation request, she does not suggest any proposed accommodations aside from not receiving the vaccine. See Exhibit F. Rather, Plaintiff's second request is essentially a medical exemption request, and it highlights Plaintiff's belief at the time "regarding [her] position on not receiving the vaccine" that due to the existence of "antibodies," the body's "natural ability to heal and to defend itself," and the energy healing practice "Reiki." See Id. Plaintiff appears to suggest she could have been accommodated by being assigned to "rubber rooms" or by "reassignments to home as the new workplace." See Compl. at ¶ 46. However, a reasonable accommodation must be one that allows an employee to perform the essential functions of her job. See, e.g., Noll v. IBM, 787 F.3d 89, 94 (2d Cir. 2015). Plaintiff was a classroom teacher, and she could not (nor does she credibly allege she could) perform the essential functions of her job from the "rubber room" or from "home."

Moreover, working in person in a DOE facility with students while remaining unvaccinated was a undue burden for DOE because "[e]ven if [Plaintiff] took precautions such as

11

wearing gloves, masks, and a face shield, her presence as an unvaccinated individual would have presented a risk to the vulnerable and still primarily unvaccinated student population' and other employees." Beickert, 2023 U.S. Dist. LEXIS 170719, at *14-17 (internal quotations omitted); see also Algarin, 2023 U.S. Dist. LEXIS 108666, at *28 ("testing accommodation" constituted an undue hardship in part because "it would significantly interfere with the safe and efficient operation of the workplace"). As DOE articulated in its email explaining its denial of Plaintiff's accommodation request: "unvaccinated employees cannot work in a school building without posing a direct threat to health and safety." Ex. E. Furthermore, Plaintiff acknowledges that the DOE denied her RA "because she failed to meet 'the criteria' for a religious accommodation and no other worksite could be offered, as would be an undue burden." Compl. at ¶ 16. When Plaintiff's purported religious concern about getting vaccinated is juxtaposed with her request that she be permitted to work unvaccinated in an in-person school setting, it is clear that any accommodation imposed an undue burden on the DOE. As the court noted in Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022), a Plaintiff's "inability to teach [her] students safely in person presents more than a de minimis cost."

Likewise, an accommodation allowing Plaintiff to teach remotely constituted an undue hardship. See Beickert, 2023 U.S. Dist. LEXIS 170719, at *15-17 (dismissing failure to accommodate claim as allowing special education teacher to teach remotely would constitute undue hardship); see also Kane, 623 F. Supp. 3d 339, n.31 ("Plaintiffs' argument that they can work remotely as they did when the City's schools were remote fails, because the City and DOE have decided to return to in-person learning."). Allowing Plaintiff to teach remotely would have imposed a "significant burden and undue hardship" because the "particularized educational needs of her special needs students would be neglected" and the "DOE would have been required to hire

another person to be present physically in the classroom to supervise these special education students and address any issues that required in-person intervention." See Beickert, 2023 U.S. Dist. LEXIS 170719, at *15-6.    Accordingly, Plaintiff's § 1983, SHRL, and CHRL failure to accommodate claims should be dismissed.

**B.      Plaintiff's Failure to Engage in the Interactive Process Claim under the CHRL should be dismissed**

The New York State Supreme Court, Appellate Division, First Department, has aptly held that in adequately informing its employees of the procedure for employees to submit reasonable accommodation requests to their respective agencies and how to appeal denials, no further "individualized dialogue" was required given the City's need to evaluate a high volume of RA requests "under a constrained timeline during an evolving public health emergency."   See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545, (1st Dep't 2023), *lv rearg & lv appeal denied* 208 N.Y.S.3d 529 (Mar. 19, 2024); Matter of Lebowitz v. Bd. Of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 537 (1st Dep't 2023), *lv rearg & lv appeal denied* 41 N.Y.3d 987 (May 16, 2024); Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (1st Dep't 2023); Matter of Lee v. City of New York, 221 A.D.3d 505 (1st Dep't 2023); Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456 (1st Dep't 2021).

Indeed, is undisputed that the DOE offered information to its employees on how to submit RA Requests for accommodations to the Vaccine Mandate, and how to appeal denials of those requests.  As Plaintiff herself concedes, she availed herself of the DOE's accommodation process. See Compl. at ¶¶ 14, 16, 18.  Thus, no further individualized dialogue was required, especially during the course of a public health emergency.  See Marsteller, 217 AD3d 543, 545; Lebowitz, 220 A.D.3d 537. Here, Plaintiff alleges "Defendant never engaged in a dialogue about Plaintiff's accommodation or reassignment." Compl. at ¶ 47. However, DOE clearly met its

13

obligation to engage in an interactive dialogue with Plaintiff.  Plaintiff's claims to the contrary should, therefore, be dismissed.

### POINT IV

### THE  VACCINE  MANDATE  IS  LAWFUL, CONSTITUTIONAL AND ENFORCEABLE

**A.** **The Vaccine Mandate, And Subsequent Re-Instatement Process, Are Both Constitutional**

The Second Circuit has already found that the particular vaccine mandate being challenged by Plaintiff was lawful, enforceable, and constitutional on its face. See Kane, 19 F.4th at 164 ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable").  Turning to the re-instatement process, this too is constitutional. Contrary to Plaintiff's assertion, she does not have "rights to continued employment." Compl. at ¶ 38.  Plaintiff was terminated for failing to comply with a valid term and condition of employment, i.e., vaccination against COVID-19, and not because of her religious beliefs.  Garland v. N.Y. City Fire Dep't., 574 F. Supp. 3d 120, 134 (E.D.N.Y. 2021) (Vaccine Mandate continues to be condition of employment) (collecting cases); see also Matter of Clarke v. Bd. of Educ. of the City Sch., 213 A.D.3d 548, 550 (1st Dep't 2023) (DOE requirement to "prove vaccination" was a "condition of employment").  Furthermore, Plaintiff has not offered any support for her argument that she is entitled to reinstatement. Plaintiff asserts that in February 2023 the Vaccine Mandate became voluntary, "[y]et no one at the DOE told Plaintiff she could re-apply for her job," notwithstanding this was not a requirement.  Compl. at ¶ 24.

Importantly, courts have found DOE employees received sufficient due process, which requires only notice and an opportunity to respond, in being given ample opportunity to show proof of vaccination or request exemptions. See O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of New York, 213 A.D.3d 560, 562 (1st Dep't 2023) (citing Beck-Nichols v.

Bianco, 20 N.Y.3d 540, 559 (2013)); see also Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022), aff'd, No. 23-655, 2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023) (summary order). Because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no hearing was required under New York Education Law Section 3020-a. O'Reilly, 213 A.D.3d at 568 (finding that NYC DOE's employment action of placing teachers who did not comply with the Vaccination Mandate on LWOP status was not discipline under New York Education Law and was "merely a response to petitioner's refusal to comply with a condition of employment.") (citing Beck-Nichols, 20 N.Y.3d at 559). Accordingly, Plaintiff's claims premised on DOE's not affording Plaintiffs a 3020-a hearing, see Compl. at ¶ 24, should be dismissed. Here, between an opportunity to submit a request for a religious and medical exemption requests, and multiple notices that their failure to comply with this condition could and would result in their termination, it is clear that Plaintiff received constitutionally adequate process, and as noted, she was not entitled to a hearing pursuant to Education Law section 3020-a. O'Reilly, 213 A.D.3d at 568 (citing Beck-Nichols, 20 N.Y.3d at 559).

Therefore, to the extent that Plaintiff is alleging that the Vaccine Mandate, and subsequent reinstatement procedure, was generally unlawful, unenforceable, or unconstitutional, these claims fail.

**B.    Plaintiff Has Not Plausibly Plead A First Amendment Claim**

To the extent Plaintiff pleads First Amendment Free Exercise and Establishment Claus claims in paragraph 33 of the Complaint, they should be dismissed. Plaintiff has not plausibly plead a Free Exercise Claim under the First Amendment. In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its

'purpose…is the suppression of religion or religious conduct.'" Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993). "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." Employment Div. v. Smith, 494 U.S. 872, 879 (1990). As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002); accord, Leebaert v. Harrington, 332 F.3d 134, 143-44 (2d Cir. 2003) (holding that parental claims of free exercise of religion are governed by rational basis test).

Plaintiff does not argue that either the Vaccine Mandate was not neutral, nor has she alleged facts suggesting that the Vaccine Mandate or process to request a religious exemption were not neutral or generally applicable or that they unfairly targeted her religion. In terms of the vaccine mandate, it is clear that the DOE Order applied equally to all DOE employees in that they all were to provide proof of vaccination, or be excluded from the workplace. See Ex. A; see also Ex. B. Similarly, the accommodation process applied to all DOE employees and did not target a specific religion, or single out religious people. See id.; see also Brock v. City of New York, 2022 U.S. Dist. LEXIS 17389, at *12 (S.D.N.Y. Jan. 28, 2022) ("the DOHMH order that Plaintiff challenges is facially neutral, does not carve out a category of religious conduct and does not create a category of harsher treatment for religious conduct alone"); C.F. v. NY City Dept. of Health & Mental Hygiene, 191 A.D. 3d 52, 78 (2d Dep't 2020) ("The Board's resolution does not target religion or single out religion; it does not even mention religion. There is absolutely no indication that the resolution was adopted for the purpose of infringing the petitioners' religious practices or

suppressing their religious views"). Thus, as to whether it was "rationally related to a legitimate state interest" the "vaccine mandate easily meets this standard." <u>Riley v. N.Y. City Health & Hosps. Corp.</u>, No. 22 Civ. 2736 (JGK), 2023 U.S. Dist. LEXIS 27562, at *12 (S.D.N.Y. Feb. 17, 2023).

As Plaintiff does not plausibly allege that the mandate, the accommodation process, or the reinstatement procedure singled out religious individuals, the appropriate standard of review is the rational basis test. It goes without saying that the Vaccine Mandate had a rational basis – preventing hospitalization and even death from the COVID-19 virus. Accordingly, any Free Exercise claim by Plaintiff fails.

A plaintiff can show an Establishment Clause violation if they plead facts suggesting the government "enact[ed] [] laws that have the 'purpose' or 'effect' of 'advancing or inhibiting religion,'" or laws that show a "'denominational preference' by preferring one religion over another." <u>New Yorkers for Religious Liberty, Inc.</u>, 121 F.4th at 460 (quoting <u>first Agostini v. Felton</u>, 521 U.S. 203, 222-23 (1997); and then quoting <u>Larson v. Valente</u>, 456 U.S. 228, 244-46 (1982)). "The Establishment Clause must be interpreted by reference to historical practices and understandings." <u>Kane</u>, 623 F. Supp. 3d at 358-59 (internal quotation marks omitted) (quoting <u>Kennedy</u>, 597 U.S. at 510). The <u>Kane</u> court noted that "there is a long history of vaccination requirements in this country and in [the Second] Circuit." <u>Id.</u> at 359 (collecting cases).

Here, it is clear that Plaintiff's Establishment Clause claims fail because, as both <u>Kane</u> and <u>New Yorkers for Religious Liberty, Inc.</u> have held, the vaccine mandate does not violate the Establishment Clause. <u>Id.</u> at 358-59; <u>New Yorkers for Religious Liberty, Inc.</u>, 121 F.4th at 460-61. Plaintiff has failed to plead facts suggesting that the mandate advanced or inhibited religion or showed preference to any particular religion. <u>See generally</u> Compl. Also, the Second

Circuit has determined that Defendants' Citywide Panel procedures do not violate the Establishment Clause in any way. <u>See</u> <u>New Yorkers for Religious Liberty, Inc.</u>, 121 F.4th at 460-61. Furthermore, as set forth herein, several courts in this Circuit have explicitly held that the vaccine mandate does not violate the First Amendment. Thus, Plaintiff's Establishment Clause claims should also be dismissed.

**C.    Plaintiff's Equal Protection Clause Claim Fails**

Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff alleges that Defendants "engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon [her] religion and [] constitutionally protected conduct" and "selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment." <u>See</u> Compl. at ¶ 52.

To maintain an Equal Protection claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Miner v. Clinton County</u>, 541 F.3d 464, 474 (2d Cir. 2008). In the Second Circuit, courts have held that, in the selective enforcement context, individuals must be similarly situated in all material respects. <u>See</u> <u>Freud v. New York City Dep't of Educ.</u>, No. 21 Civ. 2281 (MKV), 2022 U.S. Dist. LEXIS 54353, at *20-21 (S.D.N.Y. Mar. 25, 2022) ("[a] plaintiff must show that he was treated differently compared to others similarly situated as a 'prerequisite' and a 'threshold' matter to a selective treatment claim") (quoting <u>Church of the Am. Knights of the Ku Klux Klan v. Kerik</u>, 356 F.3d 197, 210 (2d Cir. 2004)).

18

Here, the Complaint alleges no facts regarding those who did, and did not, receive accommodations, aside from the conclusory allegations that religious-based accommodations were given "to other tenured employees similarly situated" and that "the DOE has hundreds of employees throughout the City that either got the exemption from getting the vaccine or they were placed into a reassignment location at home" that "many DOE employees, school bus drivers, and school delivery people were given exemptions by the Mayor." Compl. at ¶¶ 2, 26. Further, Plaintiff baldly alleges that she was denied, yet other teachers similarly situated were granted religious and/or medical exemptions and accommodations for their religious beliefs which prohibited getting the vaccine. Id. at ¶¶ 29, 45. Plaintiff summarily alleges that "Defendants' deliberate targets were employees similarly situated as the Plaintiff here, who had high salaries and – worst of all – tenure." Id. at ¶38. Plaintiff's failure to identify any similarly situated individuals who were otherwise treated better by either having their accommodation approved, or having been reinstated, is fatal to her Equal Protection Clause claims. See Kane, 623 F. Supp. 3d at 359 ("Plaintiffs point to no similarly situated persons who have been treated differently – indeed, they do not point to any DOE employee who has been granted a religious exemption to the Vaccine Mandate and has been permitted to work in person. Since there is no claim of differential treatment, plaintiffs' equal protection claim fails").

Thus, as Plaintiff's allegations are nothing more than "naked assertions" which "are insufficient to survive the pleading stage," her equal protection claim must be dismissed. Freud v, 2022 U.S. Dist. LEXIS 54353, at *20-21.

## POINT V

### PLAINTIFF'S FRAUD IN THE INDUCEMENT CLAIM FAILS

Under Rule 9(b) to sufficiently plead fraud in the inducement a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." <u>Kalaj v. Kay</u>, No. 23-cv-4395, 2023 U.S. Dist. LEXIS 122687 at*23 (E.D.N.Y. July 17, 2023). Plaintiff fails to satisfy even one of the pleading requirements to sufficiently state a fraud in the inducement claim and it should accordingly be dismissed.

## POINT VI

### PLAINTIFF'S CLAIMS SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 IN NEW YORK STATE COURT

Plaintiff's claims should have been brought as an Article 78 special proceeding, as an Article 78 proceeding is the only vehicle through which to challenge an administrative determination. <u>See</u> <u>Hughey v. Metropolitan Transp. Auth.</u>, 159 A.D.3d 596, 596 (1st Dep't 2018); <u>Sindone v. Kelly</u>, 439 F. Supp. 2d 268, 278 (S.D.N.Y. 2006) ("[T]he Second Circuit has gone to considerable lengths to recognize the adequacy of Article 78 procedures as affording adequate safeguards to satisfy federal procedural due process standards"); <u>Purcell v. City of New York</u>, 110 A.D.3d 535, 535 (1st Dep't 2013) ("The instant action . . . is actually a challenge to the Office of the Public Administrator's administrative determination . . . . The appropriate vehicle for such a challenge is an article 78 proceeding . . . ."); <u>Fuca v. City of New York</u>, 15 Misc. 3d 86, 87 (2d Dep't, 2007) ("The proper form and forum" to challenge an administrative determination "is an article 78 proceeding").

A review of recent New York Appellate Division decisions issued in the last six months show that an Article 78 special proceeding is the proper vehicle by which Plaintiff should have challenged the denial of her accommodation request. See, e.g., Matter, 217 A.D.3d 543; Matter of Hogue v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 197 N.Y.S. 136 (1st Dep't Oct. 3, 2023); Lynch, 221 A.D.3d at ; Matter of Lee v. City of New York, 221 A.D.3d 505 (1st Dep't 2023). However, Plaintiff cannot know bring an Article 78 claim as the four month statute of limitations has long since expired. See Jones v. Bay Shore Union Free Sch. Dist., 170 F. Supp. 3d 420, 434 (E.D.N.Y. 2016) ("[t]here is a four month statute of limitations for Article 78 proceedings.") (citing N.Y. C.P.L.R. § 217). Indeed, Plaintiff should have brought such a claim "within four months after the determination to be reviewed becomes final and binding." N.Y. C.P.L.R. 217(1). Thus, Plaintiff should have brought such a proceeding, in state court[2], within four months of her termination on February 18, 2022, i.e., on or before June 18, 2022. See Compl. at ¶ 21. Her failure to do so means her claims here should be dismissed.

**POINT VII**

**PLAINTIFF'S DUE PROCESS CLAIM FAILS**

To state a deprivation of due process claim, Plaintiff must establish (1) that she possessed a protected property interest; and, (2) that she faced a deprivation of that interest without constitutionally adequate process. See Peralta v. N.Y. City Dep't of Educ., No. 21-CV-6833(EK)(LB), 2023 U.S. Dist. LEXIS 169529 at *11 (E.D.N.Y. Sept. 22, 2023). Generally, courts in this circuit have consistently found that the DOE Vaccine Mandate, the process by which DOE employees were notified of the Mandate and how to apply for an exemption to the Mandate, and the termination of their

---

[2] The New York "Supreme Court has exclusive jurisdiction over Article 78 proceedings." Bowman v. New York State Hous. Cmty. Renewal, No. 18 Civ. 11596 (ER), 2020 U.S. Dist. LEXIS 44138, at *24 (S.D.N.Y. March 11, 2020) (quoting Cartagena v. City of New York, 257 F.Supp. 2d 708, 710 (S.D.N.Y. 2003)).

employment following an employee's failure to comply with the Mandate, did not violate due process. See e.g., Broecker, 585 F.Supp.3d at 299.

Moreover, Plaintiff had the option to pursue a post- deprivation remedy in New York state court pursuant to Article 78 of the New York Civil Practice Law such a proceeding is a perfectly adequate post-deprivation remedy. See Peralta, 2023 U.S. Dist LEXIS 169529 at *11; see also infra Point VI. Indeed, Plaintiff's due process claim here should be dismissed in its entirety because it should have been brought as an Article 78, but is time-barred by the four month statute of limitations that applies to such proceedings. See Thorne-Long v. City of New York, R. & R. (ECF No. 24), No. 23-cv-04305 at *8-10, report & recommendation adopted by, 2024 U.S. Dist. LEXIS 119748 (June 8, 2024). To the extent Plaintiff alleges a violation of Education Law § 3020-a, because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct, no such hearing was required. See O'Reilly, 213 A.D.3d at 562 ("The requirement that every DOE employee be vaccinated against COVID-19 . . . is a qualification of employment unrelated to job performance, misconduct, or competency") (quotation marks and citation omitted).

## POINT VIII

### DEFENDANT RODI SHOULD BE DISMISSED

To state a plausible claim for relief under § 1983, a plaintiff must plead "the elements of the underlying constitutional violation directly against the official." Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020). This standard requires the plaintiff to plead "defendant's personal involvement in the alleged constitutional deprivation" with specific factual support. Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013); Williams v. City of New York, 2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005).

Plaintiffs fail to plead Rodi's personal involvement in the allegedly wrongful conduct. The complaint, which is 69 paragraphs long, only mentions Rodi in two substantive paragraphs, alleging (1) Plaintiff "was punished by Defendants for not getting the vaccine by being termination, after being placed a 'problem code' by Defendant Katherine Rodi, Director of the Office of Personnel Investigations which oversees the Problem Code." (Compl. at ¶ 3) and (2) "Defendants Katherine Rodi has been Director of OPI and in charge of placing problem codes on personnel files since 2012" and that "Plaintiff was, by Rodi's action, blocked from getting paid by the NYC DOE or any vendor." (Id. at ¶ 23). The complaint fails to allege what, if anything, Rodi allegedly did to discriminate or make decisions as to Plaintiff's RA Request. Rodi was not personally involved in any of the complained of conduct, and Plaintiff's § 1983, NYSHRL, and NYCHRL claims against her should accordingly be dismissed. See Verne v. NY City Dept. of Educ., No. 21-CV-5427, 2022 US Dist LEXIS 180299, at *50 (SDNY Sep. 30, 2022) (holding under the NYSHRL and NYCHRL, Defendants are each only liable for their personal actions.)

23

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their

motion to dismiss the complaint in its entirety and granting such other and further relief as this

Court deems just and proper.

Dated:       New York, New York
             May 12, 2025

                                        **MURIEL GOODE-TRUFANT**
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-196
                                        New York, New York 10007-2601
                                        (212) 356-2549
                                        iehrlich@law.nyc.gov


              By:    /s/    *Ilona J. Ehrlich*
                                _____
                                    Ilona J. Ehrlich
                                 Assistant Corporation Counsel

24