

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | The City of New York<br>Law Department<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ILONA J. EHRLICH**<br>*Assistant Corporation Counsel*<br>Labor and Employment Law Division<br>Telephone: (212) 356-2549<br>Email: iehrlich@law.nyc.gov |

July 29, 2025

**By ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N324
Brooklyn, New York 11201

Re: Lynch v. The Department of Education et al.,
24-cv-7795-DG-JAM

Dear Magistrate Judge Marutollo:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for Defendants Department of Education of the City of New York, David Banks, and Katherine Rodi in the above-referenced action. Defendants write to respectfully request a stay of discovery, pending the Court's decision of Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff does not consent to this request.

**A. Background**

Plaintiff commenced this action on November 8, 2024. See Compl., ECF No. 1. On July 14, 2025, Defendants filed their fully-briefed Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). See ECF Nos. 37-41. Defendants request all future discovery be stayed, pending a resolution of the fully briefed Motion to Dismiss. Plaintiff's Complaint alleges no viable claims, and all claims will be dismissed for both procedural and substantive reasons. Plaintiff's claims are either time-barred or rely on theories that have been continuously rejected by Courts of this Circuit. Plaintiff merely alleges a familiar panoply of claims that have been pled and rejected time and time again.

### B. Defendants' Motion to Dismiss and Request to Stay Discovery

As set forth in more detail in Defendants' motion to dismiss, Plaintiff's Complaint should be dismissed because:

1. Plaintiff's State and City Human Rights Law claims against Defendants DOE and Banks are time-barred by the notice of claim requirements of Education Law § 3813 (see MOL at 6-7).

2. Plaintiff fails to state a discrimination claim because Plaintiff pleads no facts to raise an inference of discrimination, nor does she allege any similarly situated individuals who were treated more favorably, and even if Plaintiff had pled a prima facie case, Defendants had a legitimate non-discriminatory reason for terminating her employment, i.e. Plaintiff failed to comply with the Vaccine Mandate, which was a lawful condition of employment. (see MOL at 7-9);

3. Plaintiff fails to state a failure to accommodate claim because Plaintiff's request for a religious accommodation failed to articulate a bona fide religious belief that conflicted with the vaccination requirement, and even if she had done so, the Second Circuit has found that Plaintiff's requested accommodations would have constituted an undue hardship (see MOL at 9–14);

4. The Vaccine Mandate is lawful, constitutional and enforceable and all prior challenges to the Mandate have been rejected, including by the Second Circuit (see MOL at 14-19).

5. Plaintiff's fraud in the inducement claim fails because Plaintiff fails to satisfy even one of the special pleading requirements of such a claim (see MOL at 20).

6. Plaintiff's claims should have been brought as an Article 78 proceeding in New York State Court, but are now time barred by the four month statute of limitations that applies to such proceedings (see MOL at 20-21).

7. Plaintiff's due process claim fails because courts in this Circuit have consistently held that the Vaccine Mandate and the accommodation request process did not violate due process, and additionally Plaintiff was not entitled to a hearing under Education Law § 3020-a (see MOL at 21-22).

8. All claims against the individual defendant Katherine Rodi should be dismissed from this action because Plaintiff fails to plead Rodi's personal involvement in alleged wrongful conduct or complained of action (see MOL at 22-23).

Plaintiff's opposition wholly fails to refute any of these arguments. Accordingly, Defendants' Motion to Dismiss is completely dispositive of the claims in the SAC. Although a pending dispositive motion does not, per se, require a stay of discovery, a court may grant a motion to stay discovery "[u]pon a showing of 'good cause.'" Pappas v. City of New York, No. 23-cv-06010 (LJL), 2024 U.S. Dist. LEXIS 14171, at *2 (S.D.N.Y. Jan. 26, 2024) (quoting Fed. R. Civ. P. 16(b)(4)). In deciding whether to stay discovery pending a dispositive motion, a court may

consider the following factors: "(1) whether the defendant has made a strong showing that plaintiffs claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., No. 16 Civ. 1666 (ARR) (CLP), 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. Oct. 17, 2016) (Internal Quotations Omitted).

Defendants' Motion to Dismiss raises arguments that are "likely to succeed on the merits and, at a minimum, present[] substantial grounds for dismissal." Cota v. Art Brand Studios, LLC., No. 21-cv-1518 (LJL), 2022 U.S. Dist. LEXIS 45084, at *2 (S.D.N.Y. Mar. 14, 2022) (granting motion for stay of discovery). In fact, Defendants' arguments that Plaintiff's claims fail both procedurally and substantively are entirely dispositive. Thus, if the Court grants Defendants' Motion to Dismiss, it will resolve the case in its entirety. Engaging in discovery while Defendants' Motion to Dismiss is pending will result in the unnecessary and wasteful expenditure of time and resources. See Fed. R. Civ. P. 1. Furthermore, in what Defendants are interpreting as Plaintiff's deficiency notice dated July 15, 2025, Plaintiff claims, among other things, to identify "nearly 1,000 documents" she seeks in production. While Defendants do not concede to, or agree with, such an expansive scope of discovery or the relevance of the requested documents, Plaintiff's deficiency notice revels that, in her mind, the scope of discovery here appears to be quite extensive. Furthermore, "there is no reason to believe that Plaintiff[] would suffer prejudice for the short period of time… necessary… to rule on the motion." Cota, 2022 U.S. Dist. LEXIS 45084 at *3.

Defendants contend it would be unduly burdensome to engage in any further discovery for a case that is inevitably headed for dismissal. Defendants urge the Court to review the pending Motion, and Defendants are confident that the Court will see that Plaintiff's claims cannot survived, and indeed the majority are nearly identical to claims in other cases have been universally rejected, and many of Plaintiff's claims are barred on procedural grounds. In the alternative, and at a minimum, Defendants ask the Court for a stay of deposition discovery until after the motion has been decided, as to minimize the onerous tasks of engaging in depositions.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Ilona Ehrlich*
Ilona J. Ehrlich
Assistant Corporation Counsel

cc:   Corrine Lynch (By ECF)
      *Pro Se Plaintiff*