Dear Judge Marutollo:

I, Corrine Lynch, am the Plaintiff Pro Se, and as such, I am writing this letter as well as a similar letter to the District Court Judge Gujarati in response to Defendants' letter dated July 29, 2025 (ECF No. 45), in which they request a stay of discovery pending resolution of their motion to dismiss. Plaintiff does not consent to a stay and respectfully opposes the request.

There are many reasons why discovery should not be put on hold until the Motion To Dismiss is decided. Indeed, this Court should put a hold on any decision of the Defendants' Motion To Dismiss, while discovery continues. I support this for the following reasons:

First, the pendency of a motion to dismiss does not automatically stay discovery, and Defendants have not shown good cause to warrant such relief under the applicable legal standard. Additionally, as you can see from the added points I am making about the false information in the Defendants' letter, there is additional reasons to delay the Motion and not discovery. See below. Moreover, I have fully complied with my discovery obligations and have produced all responsive documents and disclosures to date. In contrast, Defendants have failed to produce any discovery in response to my First Set of Document Requests, which were served on June 6, 2025. On July 27, 2025, I contacted Defendants to request an update on the status of their discovery production and to initiate scheduling of the deposition of Defendant Katherine Rodi. I am awaiting Ms. Rodi's available dates in August for her deposition, and will also be giving the Defendants my availability for my deposition, also in August.

The parties are under a Court-ordered deadline to complete discovery by September 11, 2025, and to submit a Joint Status Report by September 12, 2025. Staying discovery now with none of the discovery from the Defendants would unfairly prejudice me and reward Defendants' continued delay in meeting their discovery obligations. As I have complied with my obligations to the best of my ability but Defendants have submitted none of the items I requested, any delay or suspension of discovery would harm my case.

Secondly, several statements given in Defendants' letter are not relevant to my case nor do Defendants give current and available authorities on the subject of the COVID Vaccine and my termination. The misinformation in their letter includes:

- In my Opposition to Defendants' Motion To Dismiss, I wrote that Governor Hochul extended the timeline for NYSHRL and NYCHRL to three years. There was no exclusion of the NYC Department of Education one-year statute of limitations. Therefore, the Defendants' argument in point, p. 2, is not in compliance with Hochul's order. No reason is given.

- Defendants claim in point 2 (p. 2) that I fail to raise a discrimination claim because I "plead no facts" and I do not "allege any similarly situated individuals who were treated more favorably". Yet I specifically included RF, who was granted his religious accommodation request and is in a "rubber room" reassignment. I also included the article on St. Brigid's School, where up to 90 NYC DOE employees were reassigned after obtaining approvals for their religious accommodation requests. Several reassigned

1

teachers were named in that article. I also cited Defendants' claims that approximately 176 Department of Education employees were approved for continued employment at the NYC DOE although they were not vaccinated. See City Law Department Attorney Sarah Paulson in the Court of Appeals, cases Kane v De Blasio (21-cv-2678) and Keil v City of New York (21-cv-2711). I believe that I can give more names during discovery. The statement that the Vaccine Mandate was a lawful condition of employment is false, as the CVM was never ratified by my Union nor by the State legislature. Thus I was never guilty of violating a term of my employment nor City law.

- In point 3 Defendants put the burden on me and claim that I fail to provide a bona fide religious belief, thus I failed to get an accommodation. The Defendants have no authority to decide whether or not I have a "bona fide" religious belief. As we all know now, Katherine Rodi ignored all submissions to SOLAS that requested religious accommodations, and just denied everyone. (Deposition testimony in the Masciarelli case). The Citywide Panel basically did the same thing, denied almost everyone, and claimed that there were so many requests that it was an undue hardship. Yet the Citywide Panel have not as yet provided any basis for this judgment, and have been out of compliance with Groff v Dejoy cause they cannot and will not explain. However, the denials of accommodation were certainly not neutral and generally applicable. I have submitted in my papers the information given by the creator of the Panel Mr. Eric Eichenholtz. He and others not only did not review the submissions made to the Panel by me and others, but could not validate what an "undue hardship" my continued employment would cause the Defendants. Mr. Eichenholtz assisted with the drafting of this provision, even though he and the City were on notice from the Kane proceedings that personally held religious beliefs are just as protected as those that are decreed by orthodoxy. The Citywide Panel was an appeal forum only, set up to supposedly "review" the denials by the Scheinman Arbitrators. But from the Eichenholtz transcript this Court can see that the Panel members could not validate the denials of those arbitrators. Thus, Defendants had to mitigate the damage by upholding all the denials by using a "de minimis" standard to "undue hardship" assessments (which is also a violation of Groff v Dejoy), and/or continued application of discriminatory criteria.

- I continue to insist that my religious beliefs against the COVID vaccine are valid, and that there are remote teaching assignments and jobs open for me to return to my employment with all my backpay. The Defendants have not been acting in good faith.

- New authorities in the Federal Courts have proven the falsity of Defendants' claims in point 4. A recent ruling in the Ninth Circuit overruled the district court's determination that there is a legitimate government interest in mandating a vaccine that cannot stop the spread of disease, and that the police powers of the State do not apply to personal medical choices which the government is not at liberty to infringe without strict scrutiny. See Health Freedom Def. Fund, Inc., v. Carvalho, No. 22-55908, 2024 WL 2873372 (9th Cir. June 7, 2024). Thus a previous federal standard set in Jacobson v Massachusetts (197 U.S. 11, 31, 25 S. Ct. 358, 363, 49 L.Ed.643 (1905)) no longer applies, as decided by the scientific community in agreement that the COVID vaccine does not provide immunity for anyone. "[I]f a statute purporting to have been enacted to protect the public health, the

- public morals or the public safety, has no real or substantial relation to those objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."

- As to point 5 and 7 (p. 2), Defendants' claims that I have made no valid pleading on fraud in the inducement or denial of due process, the Defendants are once again speaking out of whole cloth. Scheinman's Award which created LWOP and my termination was fraudulent, and the whole scheme was thrown out on November 28, 2021 (Exhibit E, Complaint). The Citywide Panel was a scam. Yet I was forced into unemployment without a fair hearing mandated and Constitutionally protected by the Rights of Tenure (EXHIBIT F(2), Complaint; and Judge Abadi's ORDER, Index. No. 518863/2022)). I was never given a hearing on my religious beliefs and my employment. (see Civil Service Law Section 75 (b)). I believe I have successfully pled fraud in the inducement. According to Civil Service Law §75-(b):

  > " 2. (a) A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action. "Improper governmental action" shall mean any action by a public employer or employee, or an agent of such employer or employee, which is undertaken in the performance of such agent's official duties, whether or not such action is within the scope of his employment, and which is in violation of any federal, state or local law, rule or regulation."

- Please see my argument against point 6 and 8 in my Opposition To Defendants' Motion To Dismiss. These claims are absolutely false. Additionally, there is no dispute that the placement of a Problem Code on my file was secretly done, and the Defendants never established any procedure to remove this Code. Indeed, I have obtained the Rodi transcript dated November 2015, wherein Rodi testified that no Respondent would ever see his/her Problem Code. Yet it is easily available to Principals, Assistant Principals, Superintendents, and vendors both inside the NYC DOE as well as outside. The Code is not private but publicly available, except to the person who has the Code on their file. There is no due process in the Coding of NYC DOE Employees. The fact is that Ms. Rodi has made it clear in her 2015 deposition that she is the person who has final say on the Problem Code and who gets it placed on their personnel file. I also submitted the email from Eric Amato, attached to the Declaration of Betsy Combier. (EXHIBIT J, Complaint). I need to depose Ms. Rodi to find out where, when and how Mr. Amato found out that he should place a Problem Code on my personnel file and fingerprints, forever altering my life and career. The implementation of a flag such as this, that blocks me from employment at the DOE, is unconstitutional. There is no settled law on this issue in this Court. I have set forth a prima facie case of discrimination because the

3

allegations viewed in a light most favorable to me shows that I was terminated because of my sincere religious beliefs, without a due process hearing. Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020); see also Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016).

Then at the bottom of her letter on p. 2, Ms. Ehrlich writes, "Plaintiff's opposition wholly fails to refute any of these arguments. Accordingly, Defendants' Motion to Dismiss is completely dispositive of the claims in the SAC". If, and here I assume only, Ms. Ehrlich refers to a Second Amended Complaint, I never filed such a paper. Maybe one of her other cases did, and she is confused. I do not know why she put that, but in this matter, no "SAC" – Second Amended Complaint – exists.

A recent ruling in the Ninth Circuit overruled the district court's determination that there is a legitimate government interest in mandating a vaccine that cannot stop the spread of disease, and that the police powers of the State do not apply to personal medical choices which the government is not at liberty to infringe without strict scrutiny. See Health Freedom Def. Fund, Inc., v. Carvalho, No. 22-55908, 2024 WL 2873372 (9th Cir. June 7, 2024).

Thus a previous federal standard set in Jacobson v Massachusetts (197 U.S. 11, 31, 25 S. Ct. 358, 363, 49 L.Ed.643 (1905)) no longer applies, as decided by the scientific community in agreement that the COVID vaccine does not provide immunity for anyone. "[I]f a statute purporting to have been enacted to protect the public health, the public morals or the public safety, has no real or substantial relation to those objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution."

It is my understanding that according to Federal Rules of Civil Procedure, my evidence and allegations that the vaccine does not prevent the spread of COVID-19 should be accepted as true. To the extent that there is a dispute about whether unvaccinated employees are more likely to spread COVID-19, or whether the Defendants were unable to mitigate the risk without undue hardship, I still should be given the right to proceed with my discovery at this stage.

In conclusion, there is no reasonable interpretation of the actions by Defendants that could or should be excused as negligence or mistake. Defendants' actions were intentional and their motive in submitting false information – or at least misleading or outdated information - was to remove me from the dwindling payrolls of the City without honoring any of my Constitutional rights, and to deny me a deposition of Katherine Rodi for her use of the Problem Code. Defendants know that there is no Constitutional ground upon which their case stands.

I respectfully request that discovery proceed as scheduled. Additionally, I will be requesting that Judge Gujarti put a hold on any Decision on Defendants' Motion To Dismiss until all discovery is completed.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Corrine Lynch
Corrine Lynch
Pro Se Plaintiff
Email: rins083082@aol.com
Phone: 516-316-0451

cc: Ilona Ehrlich, Assistant Corporation Counsel (via ECF)