Corrine Lynch,
Plaintiff,

v.

New York City Department of Education, Chancellor David Banks, Katherine Rodi, et al., Defendants.

**Case No. 24-cv-7795 (DG)(JAM)**

# COVER LETTER

Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Marutollo,

I write as the pro se Plaintiff in the above-referenced matter regarding the Court's order directing the parties to file a Joint Status Report.

Earlier today, defense counsel circulated a draft of the joint report at approximately 10:30 a.m. I responded at 4:00 p.m. with proposed additions reflecting Plaintiff's position. However, defense counsel informed me that there was not enough time to include my requested language before filing. As a result, my views were not incorporated into the Defendants' filing.

To ensure the Court has the full picture, I am respectfully submitting Plaintiff's separate Status Report, attached hereto. This filing outlines Plaintiff's position, including objections to discovery stays, the scope of the Defendants' motion to dismiss, ongoing factual disputes, and issues related to representation and participation.

Thank you for your consideration.

Respectfully submitted,

/s/ Corrine Lynch

Corrine Lynch
Plaintiff, Pro Se
34 Cheslan Court
Oceanside, NY 11572
(516) 316-0451
rins083082@aol.com

Dated: September 13, 2025

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Corrine Lynch,
Plaintiff,

v.

New York City Department of Education, Chancellor David Banks, Katherine Rodi, et al., Defendants.

**Case No. 24-cv-7795 (DG)(JAM)**

# PLAINTIFF'S STATUS REPORT

### 1. Representation of Defendant Katherine Rodi

It remains unclear whether the New York City Law Department is representing Defendant Katherine Rodi. The caption refers to Chancellor Banks but not Ms. Rodi, and no arguments or defenses have been made on her behalf regarding her role in placing a "problem code" on Plaintiff's personnel file. Plaintiff requests clarification on whether Ms. Rodi is formally represented and whether the Law Department intends to defend her actions in this case.

### 2. Judicial Disqualification

On September 12, 2025, Plaintiff filed a letter motion seeking the disqualification of Magistrate Judge Joseph A. Marutollo and requesting that he not participate in drafting a Report and Recommendation on Defendants' pending motion to dismiss.

### 3. Participation of Mr. Arko

Plaintiff objects to the participation of Mr. Arko, who has not filed a Notice of Appearance. As a non-party, he has no legal authority to act or make representations in this case.

### 4. Stay of Discovery

Defendants requested a stay of discovery after having already received multiple extensions. Plaintiff had submitted all documents ordered by Judge Marutollo. Plaintiff opposed the stay as prejudicial, but the following day Judge Marutollo granted the stay.

### 5. Joint Status Report Procedures

Plaintiff respectfully seeks clarification as to whether joint status reports prepared with a pro se litigant are held to the same standards and timelines as those prepared between counsel. In practice, Defendants provided Plaintiff with a draft status report on the same day it was due. Specifically, on the day of filing, Defendants emailed the draft report to Plaintiff at approximately 10:30 a.m. Plaintiff responded with requested additions at 4:00 p.m., but Defendants stated there was not enough time to include them. This process deprived Plaintiff of meaningful opportunity to review or contribute. Plaintiff requests confirmation that she will be provided adequate time to participate in future reports, consistent with fairness and equal treatment.

### 6. Defendants' Motion to Dismiss

The Defendants' motion to dismiss fails to address the actual claims raised in Plaintiff's Complaint, including:

- Plaintiff's terms of employment were never changed by law, and Plaintiff retained the right to seek a religious accommodation. The COVID Vaccine Mandate was unconstitutional as applied to Plaintiff.
- Plaintiff was terminated because the NYC DOE refused to grant her a religious accommodation, despite the fact that the COVID vaccine did not prevent transmission and was not enacted by State law.
- Plaintiff was placed on a "Problem Code" before her appeals were heard, designating her guilty of misconduct and blocking her from employment at her tenured salary, without the Education Law 3020-a hearing required by law.
- Plaintiff was fired without the 3020-a hearing guaranteed by statute, contract, and the Fourteenth Amendment. The DOE never explained "undue hardship," in violation of Groff v. DeJoy, 600 U.S. 447 (2023).
- Numerous cases have ruled in favor of employees denied religious accommodations for the COVID vaccine mandate, including: Weizel v. NYCDOE, Index No. 5308072/2022; LaBarbera v. NYCDOE, Index No. 85001/23; Vasquez v. City of New York, 22-cv-05068; Famiglietti v. Dep't of Sanitation, 23-cv-02754; Hill v. NYCDOE, 24-cv-03506; and Hernandez v. Richmond Cty. Dist. Attorney, 24-cv-5790.

### 7. Significant Factual and Legal Disputes Remain

The motion to dismiss does not resolve the following:
- The constitutionality and procedural validity of the "Problem Code";
- The blanket denial of religious accommodations in violation of Groff v. DeJoy;
- Recent developments in Health Freedom Def. Fund, Inc. v. Carvalho, which undercut the mandate's justification.

Plaintiff's claims are supported by deposition transcripts, expert declarations, and documentary evidence, which can only be developed through discovery. In addition, a similar case against Katherine Rodi raised issues central to this matter, including the use of the Problem Code and the charge of misconduct issued against Plaintiff on or about October 4,

2021. The email from Eric Amato attached to the Declaration of Betsy Combier, together with Ms. Rodi's deposition transcript in PERB Case U-34279, underscore the need for discovery and Ms. Rodi's deposition in this case.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully submits this separate Status Report so that her position is fully documented for the Court's consideration.

Dated: September __, 2025

Respectfully submitted,

/s/ Corrine Lynch

Corrine Lynch
Plaintiff, Pro Se