

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ILONA J. EHRLICH**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Telephone: (212) 356-2549
Email: iehrlich@law.nyc.gov

September 22, 2025

**By ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N324
Brooklyn, New York 11201

Re: Lynch v. The Department of Education et al.,
    24-cv-7795-DG-JAM

Dear Magistrate Judge Marutollo:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for Defendants the New York City Department of Education and former Chancellor David Banks in the above-referenced action. I respectfully write in response to the Court's Order dated September 18, 2025, directing Defendants to respond to Plaintiff's Letter Motion (ECF No. 50) and to show cause as to why sanctions should not be imposed.

As an initial matter, I apologize to the Court and to Plaintiff for failing to respond to Your Honor's Orders dated September 15, and September 18, 2025. My failure to respond was due to an oversight and the timing of ECF bounces.

**A.  Defendants' Response To Plaintiff's Letter Motion To Disqualify Judge Marutollo From This Case And Plaintiff's Objection To Referral For A Report And Recommendation (ECF No. 50)**

First, while Defendants take no affirmative position as to Plaintiff's Motion to disqualify Judge Marutollo, (see ECF No. 50, at pgs. 1-2), Defendants do not see any justification for Judge Marutollo to recuse himself from this case.

Plaintiff has twice previously moved, asking Your Honor to recuse himself. See ECF Nos. 14 , 19. Plaintiff's applications were denied. Id. Thus, Plaintiff's September 12, 2025 Letter Motion to Disqualify Judge Marutollo from this case is really a Motion seeking Reconsideration of the Court's earlier decisions with respect to Plaintiff's earlier attempts. This Court should not reward Plaintiff's repeated attempt to relitigate arguments already made and already decided and rejected by this Court.

Respectfully, Defendants take this opportunity to respond to the numerous inaccurate claims Plaintiff makes in her motion to the Court, including her claims that I have never contacted her throughout this case.

First, Plaintiff claims that: "Defendants submitted several 'Joint' Status Reports that were anything but that." See ECF No. 50 at 5. Plaintiff states that the Joint Status reports I filed on April 17, 2025, and July 16, 2025, "were without any input by [her]." See ECF No. 50 at 2. This is incorrect. Each time I submitted a joint letter, it was after sending a copy of the joint letter to Plaintiff and obtaining Plaintiff's consent. See attached correspondence regarding the April 17, 2025 joint status letter, Exhibit A. Each time, I received consent before filing the letter, filed the letter and sent Plaintiff a copy of the filed joint status letter. Id; see also correspondence regarding the July 16, 2025 joint status report, Exhibit B.

Second, Plaintiff's claim that "[o]n July 16, 2025 Ms. Ehrlich filed a Joint Status Report that was once again not "Joint," as I had no input" (see ECF No. 50 at 2) is accurate, but misleading. Because I was not able to obtain Plaintiff's consent, despite my good faith efforts to jointly draft the status letter with her, I filed a status letter on behalf of Defendants only. See ECF Dkt. No. 42. The filed letter makes plain that: "Defendants made good faith efforts to write a Joint Letter with Plaintiff, but the parties ultimately could not agree on the language thereof. Accordingly, Defendants write on their behalf only." See id. Additionally, Defendants Status Report dated September 12, 2025, states "Defendants are submitting the status report without Plaintiff, as Plaintiff will file a separate letter due to disagreements over Plaintiff's lengthy and irrelevant insertion, which was provided this evening." See ECF No. 49.

Third, Plaintiff claims that "[o]n July 29, 2025 (Docket 45) Ehrlich filed a Motion to Stay Discovery, after I had submitted all my documents exactly as ordered and Defendants submitted nothing at all." See ECF No. 50 at 2. This is also an inaccurate representation of the facts. Defendants, in compliance with Your Honor's order and on April 10, 2025, served Plaintiff with their Initial Disclosures, as well as their First Set of Interrogatories and Discovery Demands. See correspondence regarding Defendants' Initial Disclosures and First Set of Interrogatories and Discovery Demands, Exhibit C. On July 10, 2025, Defendants supplemented their production. On July 13, 2025, Defendants served responses and objections to Plaintiff's First Set of Document Requests. See correspondence regarding Defendants' responses and objections to Plaintiff's First Set of Document Requests, Exhibit D. Accordingly, Defendants met all their discovery obligations prior to the Court's July 31, 2025 Order granting Defendants' motion to stay discovery.

Fourth, Plaintiff asserts collusion, abuse of discretion, bias and fraud on the court between Judge Marutollo and the Law Department. See ECF No. 50 at 4. Plaintiff attempts to support this argument by citing to a "Motion for Extension of Time to File Defendants' Reply To Their Motion To Dismiss" (see ECF No. 34), filed by my former Supervisor, Mr. Chris Arko. While Mr. Arko

has since left the New York City Law Department, this Office cannot identify any evidence nor reason to believe that Mr. Arko engaged in *ex parte* communications with the Court.

Finally, Defendants also oppose Plaintiff's request to set aside or modify the Stay of Discovery Order. Defendants maintain their position as previously outlined to the Court in Defendants' Motion to Stay Discovery dated July 29, 2025. See ECF No. 45. On July 30, 2025, Plaintiff filed a Letter to Judge Marutollo with the description "Plaintiff does not consent to a stay and respectfully opposes the request." See ECF No. 47. On July 31, 2025, the Court Ordered "Upon careful review of the parties' submissions at 45 and 47, the Court stays discovery in this case pending resolution of Defendants' motion to dismiss 37." Plaintiff does not point to any new or justified reason for the Court to reconsider its ruling. The Court should therefore deny this unsupported and repeated request.

**B.** **Defendants' Response To The Court's Order dated September 18, 2025, Directing Defendants To Show Cause As To Why Sanctions Should Not Be Imposed**

Defendants sincerely apologize for the oversight in missing the Court's Orders dated September 15, 2025 and September 18, 2025. An explanation and response to the Court's warning against sanctions for this mistake is set forth more fully below.

### I.    Legal Standard

When considering a motion for sanctions, courts in this Circuit often evaluate four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). These factors, however, are not exclusive, nor must each weigh against the non-compliant party for sanctions to be imposed. See Icon Int'l, Inc. v. Elevation Health LLC, 347 F.R.D. 274, 285 (S.D.N.Y. 2024) (citing S. New England Tel. Co. v. Glob NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

The first factor the Court must consider in assessing Plaintiff's motion for sanctions is Defendants' "willfulness" or "reason for noncompliance." See Agiwal, 555 F.3d at 302. Non-compliance is willful "when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." See Martinez v. City of New York, No. 16-CV-79 (AMD) (CLP), 2018 WL 604019, at *22 (E.D.N.Y. Jan. 24, 2018). Defendants did not "knowingly" avoid compliance, and as soon as Defendants became aware of the Court Orders, Defendants complied accordingly. See Drip Capital, Inc. v Jy Imports of Ny Inc., 348 FRD 536, 562 (E.D.N.Y. 2024).

### II.    Analysis

Here, there is no dispute that the Court issued multiple orders directing Defendants to comply with their September 15, 2025, and September 18, 2025, and warned of potential sanctions for noncompliance.

On September 16, 2025, at 12:03 a.m., I received a "Case Management Electronic Case Files" ("CM/ECF" or "ECF") bounce to my email inbox, which was a bundled summary with

docket updates in numerous cases. See ECF Bounce dated Sept. 16, 2025, Exhibit E. This ECF bounce included the following updates in this case: Plaintiff's "Letter Motion To Disqualify Magistrate Judge Marutollo" dated September 12, 2025 (ECF No. 50); "Status Report by Corrine Lynch" (ECF No. 51); and the Docket Entry of the Court Order dated September 15, 2025. Id. Due to the fact that my ECF settings sent me a bundled summary update, rather than a real-time individual bounce, I received the first Court Order dated September 15, 2025, on the following day, September 16, 2025.

On September 19, 2025, at 12:03 a.m., I received a "Case Management Electronic Case Files" ("CM/ECF" or "ECF") bounce to my inbox of both September 18, 2025 Court Orders. See ECF Bounce dated Sept. 19, 2025, Exhibit F. However, by the time I received this email, the time to comply with the Court's ordered directive to respond to Plaintiff's motion (ECF No. 50) by September 18, 2025, at 5:00 p.m. had already passed. For background, the settings on the ECF system of my account was automatically set to email summary bounces, rather than real-time individual bounces, and I am actively in communication with the ECF Help Desk to update the ECF notification system of my account to be changed and correct to individualized bounces, and to prevent future occurrences similar circumstances. I apologize for the oversight, and not noticing this sooner.

Therefore, because the non-compliance with Your Honor's orders was not willful, but due to a technological oversight, this Court should not impose sanctions.

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Ilona Ehrlich*
Ilona J. Ehrlich
Assistant Corporation Counsel

cc:    Corrine Lynch (By ECF)
       *Pro Se Plaintiff*