UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Corrine Lynch,

                      Plaintiff,

        -against-

The Department of Education of the City of New
York, *et al.*,

                    Defendants.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**
24-CV-07795 (DG) (JAM)

DIANE GUJARATI, United States District Judge:

On December 26, 2025, Magistrate Judge Joseph A. Marutollo issued a Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss, ECF No. 37, be granted in part and denied in part as specified in the R&R and that *pro se* Plaintiff be granted leave to amend the Complaint as specified in the R&R. *See generally* R&R, ECF No. 60.[1] More specifically, the R&R – which construes the Complaint liberally – recommends: that the Court "deny Defendants' motion to dismiss with respect to Plaintiff's as-applied First Amendment Free Exercise Clause and Establishment Clause claims as well as her Section 1983 failure to reasonably accommodate her sincerely held religious beliefs claim under the First Amendment;" that the Court "grant Defendants' motion to dismiss with respect to Plaintiff's (1) facial Free Exercise Clause and facial Establishment Clause challenges to the DOE Vaccine Mandate, to the extent they have been raised; (2) Fourteenth Amendment Equal Protection claim; (3) procedural due process claim; (4) substantive due process claim; (5) 'stigma plus' due process claim; (6) fraud in the inducement claim; (7) claim for breach of the implied covenant of good faith and fair

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

dealing; (8) New York Education Law §§ 3020 and 3020-a claims; and (9) all claims against Defendant Rodi;" and that "leave to amend the complaint be granted solely with respect to (1) a potential First Amendment retaliation claim; and (2) the NYSHRL and NYCHRL claims, to the extent that such claims are brought within the one-year statute of limitations or have otherwise been equitably tolled." *See* R&R at 45 (bolding omitted).[2]

On January 9, 2026, Defendants filed objections to the R&R. *See generally* ECF No. 65 (specifying that Defendants object only to the recommendation that the Court deny Defendants' motion to dismiss "with respect to (1) Plaintiff's as-applied First Amendment Free Exercise Clause and Establishment Clause claims and (2) Plaintiff's Section 1983 failure to reasonably accommodate her sincerely held religious beliefs claim under the First Amendment"). On January 16, 2026, Plaintiff responded to Defendants' objections. *See generally* ECF No. 66 (requesting that the Court "overrule Defendants' objections and adopt the R&R in the portions favorable to Plaintiff, deny Defendants' motion to dismiss as to Plaintiff's Free Exercise, Establishment Clause, and failure-to-accommodate claims (and related due process theories as addressed in Plaintiff's objections), and permit discovery to proceed").

On January 19, 2026, Plaintiff filed objections to the R&R. *See generally* ECF No. 67 (requesting that the Court "[d]ecline to adopt the portions of the R&R that recommend dismissal of Plaintiff's claims, adopt the portions of the R&R that correctly find Plaintiff has plausibly stated as-applied First Amendment Free Exercise and religious accommodation claims, deny Defendants' Motion to Dismiss as to the above-referenced claims, and in the alternative, to the

---

[2] The R&R also states that "[w]hile the November 10, 2025 letter-motion [ECF No. 57] has not been referred to [Judge Marutollo], in light of [the Court's] referral and the instant Report and Recommendation, [Judge Marutollo] . . . recommends that this motion be denied as moot." *See* R&R at 10 n.8.

extent any claim is dismissed, grant Plaintiff leave to amend pursuant to Fed. R. Civ. P. 15(a)(2)").  On January 27, 2026, Defendants responded to Plaintiff's objections to the R&R. *See generally* ECF No. 68 (arguing that the R&R correctly recommends (1) "that Plaintiff has failed to state a Fourteenth Amendment claim for procedural or substantive due process," (2) "that Plaintiff fails to plausibly plead an Equal Protection claim based on religious discrimination," and (3) "dismissal of individual defendant Katherine Rodi due to lack of personal involvement;" that the R&R correctly held (1) "that Plaintiff did not plead a First Amendment retaliation claim in the Complaint" and (2) "that Plaintiff's NYSHRL and NYCHRL claims are time barred;" that the R&R "does not limit Plaintiff's damages;" and that Plaintiff should not be granted leave to amend).

* * *

In light of Plaintiff's *pro se* status, the Court has liberally construed Plaintiff's filings in this action.  And, in light of the parties' objections to the R&R, the Court has reviewed *de novo* the entirety of the R&R.  Upon review of the R&R, the record – including the parties' briefing in connection with the objections to the R&R – and the applicable law, the Court adopts the R&R's recommendations that the Motion to Dismiss, ECF No. 37, be granted in part and denied in part as specified in the R&R and that Plaintiff be granted leave to amend the Complaint as specified in the R&R.  *See* 28 U.S.C. § 636(b)(1).  The Motion to Dismiss, ECF No. 37, is granted in part and denied in part as specified in the R&R and Plaintiff is granted until March 25, 2026 to file an Amended Complaint that is consistent with the R&R.[3]

Although Plaintiff paid the filing fee to commence this action, the Court certifies

---

[3] Because Plaintiff's letter motion filed at ECF No. 57 lacks some clarity and because Plaintiff's subsequent filings cast doubt on whether Plaintiff still seeks relief in connection with that letter motion, the Court denies without prejudice the letter motion filed at ECF No. 57.

3

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated:  March 4, 2026
Brooklyn, New York

4