

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

*STEVEN BANKS*
*Corporation Counsel*

*Eric Vetterlein*
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-5044
evetterl@law.nyc.gov

May 8, 2026

**BY ECF**
Magistrate Judge Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:     Lynch v. The Department of Education of the City of New York, et al.
               No. 24-cv-7795 (DG)(JAM)

Dear Magistrate Judge Marutollo:

       I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendants the New York City Department of Education ("DOE") and former DOE Chancellor Melissa Aviles-Ramos (collectively, "Defendants") in the above referenced action. Plaintiff, a former DOE teacher, who is proceeding *pro se*, alleges denial of her religious accommodation and termination, stemming from her failure to comply with the Covid-19 Vaccine Mandate.

       Pursuant to the Court's Order dated April 29, 2026, Defendants write in opposition to Plaintiff's proposed Amended Complaint dated April 17, 2026 (ECF No. 80), and Plaintiff's letter dated April 28, 2026 (ECF No. 81), seeking leave to amend (together, the "Motion to Amend"). For the reasons set forth more fully below, Plaintiff's Motion to Amend should be denied as futile and in contravention of the Court's prior decision on Defendants' motion to dismiss the Complaint, which decision significantly limited the scope of Plaintiff's request for leave to amend.

       While leave to amend should be freely granted, courts have discretion to deny it where the amendment would be futile, unfairly prejudicial, or made in bad faith. See Schoenhals v. Dowling Coll., No. 2:15-cv-2044, 2019 U.S. Dist. LEXIS 46170, at *9 (E.D.N.Y. Mar. 20, 2019). An amendment is futile where the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. Marchella of N.Y. Inc. v. Mejia Tropical Prods. LLC, No. 22-cv-551, 2022 U.S. Dist. LEXIS 208928, at *5 (E.D.N.Y. Nov. 17, 2022).

       As an initial matter, Plaintiff has failed to comply with Local Civil Rule 15.1 by not including a redlined version of the proposed Amended Complaint, and her request should be denied on that basis alone. But notwithstanding such failure, Plaintiff's proposed Amended

Complaint plainly ignores the Court's narrowly tailored instructions in deciding Defendants' motion to dismiss and granting Plaintiff leave to amend for the limited purpose of adding only two specific claims. Instead, here, Plaintiff seeks leave to reassert facial challenges to the Vaccine Mandate – which claims the Court already has dismissed in its decision granting in part Defendants' motion to dismiss.  Plaintiff also seeks leave to add an entirely new individually named defendant, Steven Banks, the former First Deputy Commissioner and General Counsel and the New York City Office of Labor Relations, even though he had no personal involvement in any alleged constitutional violation.

### A. The Court's Decision on Defendants' Motion to Dismiss Significantly Limited Plaintiff's Request for Leave to Amend

By Memorandum and Order dated March 4, 2026, (ECF No. 70), the Court adopted Your Honor's Report and Recommendation dated December 26, 2025 (ECF No. 60) (the "R&R") (collectively, the "Court's Decision"). The Court's Decision granted dismissal of Plaintiff's: (1) facial free Exercise Clause and facial Establishment Clause challenges to the DOE Vaccine Mandate, to the extent they had been raised; (2) Fourteenth Amendment Equal Protection claim; (3) procedural due process claim; (4) substantive due process claim; (5) "stigma plus" due process claim; (6) fraud in the inducement; (7) claim for breach of the implied covenant of good faith and fair dealing; (8) NY Education Law §§ 3020 and 3020-a claims; and (9) all claims against Defendant Rodi.  The Court's Decisions denied Defendants' motion to dismiss with respect to Plaintiff's: (1) as-applied First Amendment Free Exercise Clause and Establishment Clause claims; and (2) Section 1983 denial of religious accommodation claim under the First Amendment. The Court's Decision also found that Plaintiff, as part of her motion papers in opposition to Defendants' motion to dismiss, had sought leave to amend the Complaint. See R&R at 42.

Significantly, the Court's Decision denied Plaintiff's request for leave to amend as futile with two narrow exceptions:  Plaintiff was granted leave to amend for the limited purpose of (1) a First Amendment retaliation claim and (2) Plaintiff's claims under the New York State and City Human Rights Laws.

### B. Plaintiff's Addition of Steven Banks as a Named Defendant Is in Contravention of the Court's Decision and Is Futile Due to His Lack of Personal Involvement

Plaintiff now seeks leave to add as a new individual defendant Steven Banks, the former First Deputy Commissioner and General Counsel of the New York City Office of Labor Relations.  However, Plaintiff's attempt to do so clearly violates the Court's Decision regarding the limited scope of any amendment, and such amendment would be futile, as Plaintiff cannot establish that Mr. Banks had any personal involvement in Plaintiff's alleged constitutional violations.

"A finding of 'personal involvement of [the individual] defendants' in an alleged constitutional deprivation is a prerequisite to an award of damages under Section 1983." Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004).  Here, other than bald legal conclusions, Plaintiff fails to plead facts that plausibly establish that Mr. Banks had any direct personal involvement in Plaintiff's alleged as-applied First Amendment claims or her denial of a religious accommodation

claim.  Although Plaintiff alleges in a conclusory manner that Mr. Banks targeted City employees who sought an exemption to the Vaccine Mandate on the specific basis that such employees purportedly objected to the Covid-19 vaccines' alleged use of aborted fetal cell lines in their development, Plaintiff fails to plead any facts to show that Mr. Banks was personally involved in the denial of Plaintiff's request for an exemption.  And even if Plaintiff had pled sufficient facts to show that Mr. Banks discriminated against employees who sought an exemption to the Vaccine Mandate on the purported basis of their objection to its alleged development using aborted fetal cell lines – which she has not – Plaintiff's own request for an accommodation was not based in any manner whatsoever to such an objection regarding aborted fetal cell lines.  Indeed, Plaintiff's request for an accommodation never once mentions the alleged use of aborted fetal cell lines in the development of the vaccines as a basis for her request.  See Plaintiff's Proposed Amended Complaint (ECF No. 80) at pp. 96-97, Exhibit G(1).  Accordingly, Plaintiff cannot demonstrate that Mr. Banks had any personal involvement in her alleged constitutional violations, and any proposed amendment to add him as a defendant should be denied as futile.

### C. The Proposed Amended Complaint Repeatedly Reasserts Facial Challenges to the Vaccine Mandate, Which the Court Previously Dismissed

Throughout the proposed Amended Complaint, especially in relation to Plaintiff's newly asserted claims against Steven Banks, Plaintiff reasserts her facial challenge to the Vaccine Mandate and attempts to revive her argument that the Defendants were "secretly denying all religious appeals without reviewing any of them." See ECF Doc No. 80 at ¶ 58.  However, the Court's Decision previously addressed these claims and found them to be without merit.  See R&R at 19, n. 11 ("Second, to the extent Plaintiff is arguing that the Citywide Panel is a 'rubber-stamp' or the process is a 'sham,' the Second Circuit has rejected that argument.") (quoting Keil v. City of New York, No. 21-3043-cv, 2022 WL 619694, at *2 (2d Cir. Mar. 3, 2022) (summary order)).  Indeed, as the Court's Decision noted, the Second Circuit ruled in Kane that "[t]he Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable." Kane v. De Blasio, 19 F.4th 152, (2d Cir. 2021).  Despite this, Plaintiff's proposed Amended Complaint still attempts to reassert claims for a facial challenge to the Vaccine Mandate and/or the Citywide Panel as a "sham" process, which is in direct contradiction of binding Second Circuit authority and the law of the case.

It is highly prejudicial to Defendants and futile for Plaintiff to use her proposed Amended Complaint as a vehicle to revive claims that have already been dismissed.  Accordingly, Plaintiff's Motion to Amend should be denied in its entirety.

I thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Eric Vetterlein*
Eric Vetterlein
Assistant Corporation Counsel

cc:     Corinne Lynch, (via ECF and Electronic Mail)
        rins083082@aol.com
        *Pro Se Plaintiff*