*** Filed ***
11:32 PM, 14 Jul, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Corrine E. Lynch,**
Plaintiff,

v. Civil Action No. 24-cv-7795 (DG) (JAM)

**New York City Department of Education, et al.,**
Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST TO ADJOURN THE SETTLEMENT CONFERENCE**

Dear Magistrate Judge Marutollo:

Plaintiff respectfully opposes Defendants' request to adjourn the settlement conference currently scheduled for July 23, 2026.

Plaintiff has relied upon the Court's scheduling order for several months and has expended significant time and expense preparing this matter for settlement. Plaintiff has fully responded to Defendants' written discovery requests, produced extensive documentation, retained a financial expert to calculate her economic damages, and scheduled personal travel in reliance upon the Court's conference date.

Plaintiff is unavailable on the alternative dates suggested by Defendants. Plaintiff has a previously scheduled out-of-state family reunion from July 27 through July 30, 2026, and a previously scheduled vacation from August 14 through August 21, 2026, both of which were scheduled around the Court's existing schedule. Plaintiff is also scheduled to return to work in preparation for the upcoming school year, with a contractual return date of September 1, 2026. Accordingly, should the Court determine that an adjournment is warranted, Plaintiff respectfully requests that the conference be rescheduled on the earliest mutually convenient date that does not conflict with these commitments.

Defendants represent that they are unable to obtain settlement authority before the scheduled conference. Plaintiff appreciates counsel's representation but respectfully submits that the conference date has been known for several months and opposes any further delay in moving this case toward resolution.

Defendants also state that Plaintiff failed to provide an updated settlement demand in accordance with Judge Marutollo's Individual Practices. Plaintiff acknowledges that she did not provide an updated settlement demand within the timeframe required by the Court's rules.

However, this is not the first time Defendants have received Plaintiff's settlement position. As reflected in the parties' June 13, 2025 Joint Status Report, Plaintiff submitted a settlement demand on June 11, 2025, which Defendants acknowledged receiving and stated they would consider it in good faith. Thereafter, settlement discussions continued with Assistant Corporation Counsel Ilona Ehrlich, as reflected in the November 2025 Joint Status Report. On March 19, 2026, Plaintiff and current defense counsel again discussed settlement by telephone. During that discussion, Plaintiff explained that she could not provide updated figures because she was still attempting to retain a financial expert to accurately calculate her damages.

Since those discussions, Plaintiff learned additional information regarding the impact of Defendants' actions on her retirement benefits, including changes affecting her retirement tier and pension losses. Those developments materially changed Plaintiff's damages calculations. Plaintiff retained a financial expert and has been awaiting completion of those calculations before providing an updated settlement demand. Plaintiff will provide Defendants with an updated settlement demand on July 15, 2026. Because the expert's analysis has not yet been finalized, that demand will necessarily be preliminary and subject to revision.

Defendants further state that the parties are currently meeting and conferring regarding several discovery disputes. Plaintiff respectfully submits that this characterization overstates the present status of discovery.

Plaintiff previously disclosed the identities of her medical providers and her medications. Following Defendants' July 1, 2026 correspondence requesting that Plaintiff provide sworn interrogatory responses and identify which documents corresponded to Defendants' document requests, Plaintiff promptly served sworn interrogatory responses, responses to Defendants' document requests identifying the responsive documents, expert disclosures, and additional responsive materials.

The principal remaining disagreement concerns Defendants' request that Plaintiff execute broad HIPAA authorizations. Plaintiff has consistently advised Defendants that she objects to signing those authorizations because, in Plaintiff's view, they are not relevant to the surviving claims.

Defendants also state that they seek medical authorizations to determine whether Plaintiff received a COVID-19 vaccine after beginning employment with Hempstead High School. This is the first time Plaintiff has been informed that Defendants seek discovery for that purpose. Plaintiff can answer that question directly: Plaintiff has never received a COVID-19 vaccine. Plaintiff has no objection to providing documentation from her medical

providers confirming that fact, if the Court deems such documentation appropriate, rather than executing broad HIPAA authorizations.

Plaintiff respectfully submits that the remaining issues are discrete discovery disagreements that can be addressed, if necessary, through the Court's established discovery procedures. The existence of those disagreements should not prevent the parties from participating in a meaningful settlement conference.

Finally, Plaintiff notes that Defendants previously advised both Plaintiff and the Court that they were not interested in engaging in settlement discussions while their motion to dismiss remained pending. Plaintiff raises this procedural history only to explain her concern regarding further delay and her desire to proceed with the settlement conference as scheduled.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for an adjournment. In the alternative, if the Court determines that an adjournment is warranted, Plaintiff respectfully requests that the settlement conference be rescheduled at the earliest mutually convenient date that does not conflict with Plaintiff's previously scheduled commitments.

Dated: July 14, 2026

Respectfully submitted,

Corrine E. Lynch
Plaintiff, Pro Se